J.  J.  BICK,  Appellant,  v.  M.  C.  WILKERSON,
Respondent.

St. Louis Court of Appeals, April 9, 1895.

Justices' Courts: REVIVOR OF JUDGMENTS: SERVICE OF CITATION.  In
proceedings for the revivor of a judgment of the justice of the peace,
the service of the citation on the defendant need not be made by the
constable of the township in which the proceedings are pending,
but may be made by the constable of any township in the county.

*Appeal from the Monroe Circuit Court.*—HON. REUBEN
F. ROY, Judge.

REVERSED AND REMANDED (*with directions*).

*R. B. Bristow* for appellant.

No brief filed for respondent.

ROMBAUER, P. J.—The trial court, on motion of
the defendant, quashed an execution which was issued
on a judgment of a justice of the peace which had
been revived.  The motion to quash was based on the
ground, that the judgment of revivor was void for
want of jurisdiction because the defendant was served
with the citation not by the constable of the township
in which the suit was pending, but by the constable of
another township in the same county.  The plaintiff
assigns for error this ruling of the court.

The propriety of the court's action must be deter-
mined by construction of the following statutory pro-
visions contained the revision of 1889.

Section 2380:  "Constables may serve warrants,
writs of attachment, subpœnas and all other process,
both civil and criminal, and exercise all other authority

conferred upon them by law throughout their respective counties."

Section 6299: "No judgment rendered by any justice of the peace shall be deemed invalid, stayed, or in any way affected by reason of the neglect or failure of the justice to enter the same within the time prescribed, or by reason of any informality in entering or giving such judgment or other entry required to be made in the docket, or for any other default or negligence of the justice or constable, by which neither party shall have been prejudiced."

Section 6297: "Every citation issued under the preceding sections (which refer to the revival of judgments) shall be directed to the party to be served therewith, and placed in the hands of the constable of the township in which the suit is pending, which shall be executed by him in any part of the county; and the time and manner of service shall be like that of a summons, for which he shall receive similar fees."

It will be thus seen that the constable who served the citation on the defendant was an officer authorized by law to serve the same, unless we construe the provisions of section 6297 as mandatory, and as designating the *only constable* who is authorized by law to serve such a citation. There is no pretense in the case that the defendant was in any way prejudiced, or that he had any defense to the revival of the judgment, or that he was deprived of any opportunity to make his defense.

In the case of *Alexander v. Eberhardt*, 35 Mo. 475, the facts were as follows: The statute provided that justices of the peace in the city of St. Louis should issue their process in civil cases, and deliver the same, to the constable of the ward in which their offices are located. A justice delivered process to a constable outside of the ward, who failed to make return thereon,

and thereupon was sued. The supreme court held the constable liable. It decided, in effect, that the provision was directory, and one enacted for the benefit of the constable, but did not deprive any constable to whom process was issued, which he might lawfully serve within his territorial limits, from making valid service thereof, and that it was his duty to do so. In *Doan, King & Co. v. Boley & Moore*, 38 Mo. 449, it was decided that, although the constitution provides that every writ must run in the name of the state, the service of a writ which did not so run was not a jurisdictional defect. These decisions indicate that our courts are inclined to give statutes of jeofails a liberal construction, where this can be done without invading substantial rights, and to treat provisions such as the one under consideration as directory rather than mandatory.

The judgment is reversed, and the cause remanded with directions to the trial court to overrule the defendant's motion to quash the execution.. All the judges concur.