THE STATE *ex rel.* THE DONNELL MANUFACTURING COMPANY, v. McGRATH, *Secretary of State.*

| 86 | 239 |
| 160 | 149 |
| 160 | 153 |
| o160 | 157 |

| 86 | 239 |
| 168 | 643 |

| .86 | 239 |
| o178 | [1]192 |

1. Corporation: INCREASE OF CAPITAL STOCK, NOTICE OF: STATUTE. The certified copy of the statement of proceedings relative to the increase of the capital stock of a corporation, required by Revised Statutes, section 939, to be filed in the office of the secretary of state, must show the newspaper publication of the notice of the proposed increase of stock, as required by Revised Statutes, section 938, and if such certificate fails to show such fact, the secretary of state has no authority to issue his certificate that the corporation has complied with the law made and provided for the increase of stock, and the amount to which said stock is increased.

2. ——— : ———. The weekly newspaper notice, required by Revised Statutes, section 938, of the proposed increase of the capital stock of a corporation, was intended for the public at large, while the written, or printed notices, required by said section to be sent to each stockholder, are for the benefit of the stockholders.

*Mandamus.*

WRIT DENIED.

*Smith & Krauthoff* for relator.

(1) The certificate filed by the relator in the respondent's office, and the petition (the truth of which stands admitted), allege that due notice was given of the proposed increase of stock. In the absence of proof to

the contrary, the presumption is that the law was com-
plied with in this respect. *Chouteau Insurance Co. v.
Holmes*, 8 Allen, 217; *Cone v. Cullen*, 13 Pa. St. 133;
*Leavitt v. Mining Co.*, 4 Am. & Eng. Corp. Cases, 234,
237. (2) All the stockholders having attended the meet-
ing, and voted for the increase of stock, it is not neces-
sary that a newspaper notice should have been published.
*Rex v. Theodorick*, 8 East, 543; *Rex v. Chetwynd*, 7 B.
& C. 695; Field on Corp. 228; Angell & Ames on Corp.
(11 Ed.) sec. 495; *People v. Peck*, 11 Wend. 604; *Jones
v. Turnpike Co.*, 7 Ind. 547; *Samuel v. Halladay*, 1
Woolworth C. C. 400; *Stebbins v. Merritt*, 10 Cush. 27;
*Chamberlain v. Railroad*, 15 Ohio St. 225; *Judah v.
Insurance Co.*, 4 Ind. 333; *Bank v. Silk Co.*, 3 Met. 288;
*Glass Co. v. Dewey*, 16 Mass. 94. (3) It is not necessary
that the notice be published to advise the public of the
proposed increase of stock, none but stockholders have
the right to vote. Neither the public nor its representa-
tives have the right to be present even at the meeting.
*Gray v. Portland Bank*, 3 Mass. 364; Angell & Ames
on Corp. (11 Ed.) 554; *Chouteau v. Allen*, 70 Mo. 290;
*Eidman v. Bowman*, 58 Ill. 444.

*M. K. McGrath pro se.*

(1) The constitution of 1875 very wisely contains a
provision (article XII., section 8) not found in the con-
stitution of other states to prevent the watering of stock.
To carry out the provision of the constitution, the gen-
eral assembly passed the act of May 24, 1879. (2) The
cases referred to by the relator's counsel cannot be
authority in this case. They were decided before the
constitution of 1875 was adopted, and under statutory
enactments different from those in this case.

NORTON, J.—This is a proceeding by mandamus, in-
stituted by relator, a business and manufacturing corpo-

ration, to compel defendant to issue a certificate to relator, that said corporation has complied with the law made and provided for the increase of its capital stock, and stating the amount to which said capital stock is increased. The respondent entered his appearance, waived the issuance of an alternative writ, and, treating the petition as the alternative writ, filed his return thereto, which is in the nature of a demurrer.

The position taken by respondent is, that he ought not to be compelled to issue the certificate demanded of him, for the reason that the certified copy of the statement of proceedings required to be filed in his office by section 939, Revised Statutes, does not show a compliance with the law providing for the increase of its capital stock, and that in the absence of such a showing, he has no authority to certify to a fact, of the truth of which such certified copy furnishes no evidence.

It is provided by section 8, article XII. of the constitution, that * * * "the stock and bonded indebtedness of corporations shall not be increased, except in pursuance of general law, nor without the consent of the persons holding the larger amount in value of the stock, first obtained at a meeting called for that purpose, first giving sixty days' public notice as may be provided by law." In pursuance of this constitutional provision, the general assembly has provided, in sections 938 and 939, Revised Statutes, as follows:

"Section 938. Whenever any corporation shall desire to call a meeting of the stockholders for the purpose of availing itself of the privileges and provisions of this article, or for increasing the amount of its capital stock, * * * it shall be the duty of the directors to publish a notice, signed by at least a majority of them, in a newspaper in the county, * * * at least sixty days, and to deposit a written or printed copy thereof in the postoffice, postage prepaid, addressed to each stock-

holder at his usual place of residence, at least sixty days previous to the day fixed upon for holding such meeting, specifying the object of the meeting, the time and place, where and when such meeting shall be held, and the amount to which it shall be extended or changed. * * * The notice provided for in this section shall be published at least once a week, and the first publication must be at least sixty days before the day of such meeting.''

Section 939, after providing for the organization of such meeting, and the manner of proceeding thereat, then provides that, "a statement of the proceedings, showing a compliance with the provisions of this article, the amount of capital actually paid in, * * * the whole amount of assets and liabilities, and the amount to which the capital stock shall be increased, shall be made out and signed, and verified by the affidavit of the chairman, and countersigned by the secretary ; and such statement shall be acknowledged by the chairman and recorded, * * * and a certified copy of such recorded instrument shall be filed in the office of the secretary of state, who shall thereupon issue a certificate that such corporation has complied with the law made and provided for the increase of stock, * * * and the amount to which such capital stock is increased.''

It will be perceived that the duty of the secretary of state to issue such a certificate as this proceeding seeks to compel him to issue, is predicated upon the filing in his office of a certified copy of the recorded proceedings of the corporation, showing a compliance with the provisions of the law, authorizing an increase of its stock, and the sole question in this case is whether the paper filed in the office of the secretary of state shows that the law has been complied with. We are of the opinion that it does not show such compliance, unless it can be held that the following statements contained, and in the copy filed in respondent's office, shows compliance. They are as follows: "Notice of the meeting and the purpose

The State ex rel. The Donnell M'f'g Co. v. McGrath.

thereof having been duly given and received by said stockholders, all of the stockholders being present and having signed a written consent thereto on the record of such meeting, did, by their unanimous vote, consent and agree that the capital stock of said company, which is now thirty thousand dollars, should be forthwith, and by their said vote, increased fifty thousand dollars, so as to make the total authorized capital stock of said company eighty thousand dollars."

It is argued with much plausibility by counsel that the only object in giving a notice of such meeting is to notify the stockholders and secure their attendance, and that, inasmuch as the copy filed in the office of respondent shows that the notice given to the stockholders had the effect of securing the attendance of all of them, who unanimously consented to and voted for the increase of stock, that it, therefore, follows that the constitution and laws were complied with, and that it was the plain duty of respondent to issue the certificate called for. If notice of a meeting, given to the stockholders, is the only notice required to be given under the constitution and laws of the state, the conclusion arrived at by the argument of counsel would be correct. The fault of the argument, however, lies in the assumption that notice to the stockholders is all that was intended to be given, which is taking for granted the question in dispute. The constitution prohibits a corporation from increasing its capital stock except, first, in pursuance of a general law; second, with the consent of the persons holding the larger amount in value of the stock first obtained at a meeting held for that purpose, first giving sixty days' public notice as may be provided by law. It is contended that the sixty days' public notice referred to was only intended for the benefit of the stockholders, and not for the public. If that was the only object, the framers of the constitution were unfortunate in the selection of words. If such were the sole purposes, why was such a notice required to be

a public notice if the public had no interest in it? If such were the only object, instead of saying: "First giving sixty days' public notice," why was it not said first giving sixty days' notice to the stockholders.

We think the framers of the constitution, by the use of the language employed, meant something more than counsel for relator contends, in view of the very line of authorities to which we have been cited by counsel tending to establish the proposition, that when notice is required to be given to stockholders of a corporate meeting, either by the charter of the company or the general law, and all the stockholders assemble in such a meeting, that the business transacted thereat, if within the scope of their corporate powers, is binding on the corporation, even though no notice of such meeting had been in fact given to the stockholders. In view of these authorities and the then prevalent practice of watering the stock of corporations, resulting oftentimes to the injury of the public, provided that no increase of the capital stock of a corporation should be made until a sixty days' public notice should be given of the meeting to be held for that purpose. This interpretation was put upon the said constitutional provision by the first legislature which convened after the adoption of the constitution by the enactment of section 938, Revised Statutes, in which provision is made not only for a public notice by a weekly publication in a newspaper, the first publication to be at least sixty days before the day of the meeting, but provision is also made that a written or printed copy of such notice shall be deposited in the postoffice, postage prepaid, addressed to each stockholder at his usual place of residence, at least sixty days previous to the day fixed upon for holding the meeting.

We can reach no other conclusion than that the weekly publication to be made in the newspaper was intended for the public at large, and that the written or printed copies of the notice required to be sent to each

stockholder was for the benefit of the stockholders, and inasmuch as the certified copy filed with the secretary of state did not show a compliance with the law in this, that it failed to show that public notice was given as required, and inasmuch as the duty of issuing the certificate demanded of respondent is only devolved upon him when a certified copy of the proceedings showing a compliance with the law is filed in his office, the demurrer will be sustained, the writ denied, and petition dismissed. All the judges concur.