THE STATE ex rel. NORVELL-SHAPLEIGH HARDWARE COMPANY v. COOK, Secretary of State.

*In Banc, December 9, 1903.*

1. **Corporations:** INCREASE OF CAPITAL STOCK: SIXTY DAYS' NOTICE. Corporations in this State have, by the unanimous concurrence of all the stockholders thereof, in meeting assembled, the right to increase their capital stock, or bonded indebtedness, without the necessity of going through the form of giving the sixty days' public notice of the time and place of such meeting, as the Constitution and statute designate, when all the stockholders express a waiver of such requirement.

2. ———: ———: STATUTORY CONSTRUCTION. That construction of a constitutional or a statutory provision should never be adopted which results in the requirement of useless and absurd acts, except when its terms are positive and unavoidable.

### Mandamus.

PEREMPTORY WRIT AWARDED.

*Campbell & Thompson* for relator.

(1)  Section 8 of article 12 of the Constitution of Missouri, is merely directory, and is not mandatory, as are also sections 962 and 1328, Revised Statutes 1899. Riesterer v. Horton Land & Lumber Co., 160 Mo. 141; People v. Supervisors of Chenango, 8 N. Y. 328; Miller v. State, 3 Ohio St. 475; Pim v. Nicholson, 6

Ohio St. 177; Hill v. Boyland, 40 Miss. 618; McPherson v. Lanard, 29 Md. 377; Rex v. Loxdale, 1 Bur. 447; State v. Matthews, 88 Mo. 121; State v. Gleason, 88 Mo. 582. (2) Said section of the Constitution is solely for the benefit of the stockholders, and the public have no interest in it. Riesterer v. Horton Land & Lumber Co., 160 Mo. 141. (3) When a constitutional provision is designed for the protection solely of the property rights of the citizen, it is competent for him to waive the protection, and to consent to such action as would be invalid if taken against his will. The maxim *quilibit potest renunciare juri pro se introducto,* applies as well to constitutional law as to any other law. Cooley on Constitutional Limitations, pp. 214, 762; Baker v. Braham, 6 Hill 47; Lee v. Tillotson, 24 Wend. 337; In the Matter of Albany St., 11 Wend. 149; Brown v. Worcester, 13 Gray 31; State v. Mansfield, 41 Mo. 471; Sappington v. Elrod, 9 Mo. App. 581; 6 Am. and Eng. Ency. Law (2 Ed.), pp. 6, 998; Embury v. Conner, 3 N. Y. 511.

ROBINSON, C. J.—On April 24, 1903, the Norvell-Shapleigh Hardware Company, a business corporation of St. Louis, filed its petition in this court asking that a writ of mandamus issue to compel the respondent Samuel B. Cook, as Secretary of State, to issue to relator a certificate that it had complied with the law made and provided for the increase of its capital stock.

Treating the petition as an alternative writ, and waiving the issuance and service of same upon himself, the respondent filed his return thereto, which is in the nature of a demurrer. Briefly stated, respondent's position is: that he had no right to issue the certificate demanded of him by relator, because upon the face of the petition, as by the certified copy of the proceedings of the meeting of the stockholders of the relator company, required to be filed in his office before the certificate should issue, it was made affirmatively to appear

that relator had failed to give the sixty days' public notice of the meeting called to vote the increase of its capital stock proposed, as required by section 8 of article 12 of the Constitution, and section 962, Revised Statutes 1899, made in pursuance thereof, which sections read as follows:

"No corporation shall issue stock or bonds, except for money paid, labor. done or property actually received, and all fictitious increase of stock or indebtedness shall be void. The stock and bonded indebtedness of a corporation shall not be increased, except in pursuance of general law, nor without the consent of the persons holding the larger amount in value of the stock first obtained at a meeting called for the purpose, first giving sixty days' public notice, as may be provided by law." [Sec. 8, art. 12, Const. Mo.]

The statute carrying this constitutional provision into effect, reads: "The stock or bonds of a corporation shall be issued only for money paid, labor done or money or property actually received. Any corporation may increase its capital stock or its bonded indebtedness with the consent of the persons holding the larger amount in value of the stock, which consent to such increase shall be obtained at a meeting of the share holders, called for that purpose—sixty days' notice of the time and place of such meeting and of the amount of the proposed increase of stock or bonded indebtedness having been given as hereinafter provided; but the shares of stock or bonds arising from such increase shall only be disposed of for money paid, labor done or money or property actually received. All fictitious issues or increase of stock or bonds of any corporation shall be void: Provided, however, that the bonded indebtedness of a corporation shall not be increased so that the entire amount thereof shall exceed the amount of the authorized capital, except that any railroad company may issue its bonds in excess of its capital stock for the purpose of constructing or acquiring another

railroad, which shall connect with the railroad of the company issuing the bonds, but the bonds so issued in excess of its capital stock shall not exceed the authorized capital stock of the company whose road is constructed or acquired with the proceeds thereof, and shall be secured by mortgage on the railroad franchises and property constructed or acquired with the proceeds thereof, or by the deposit as collateral security of the first mortgage bonds of the railroad constructed or acquired with the proceeds thereof. But no such bonds shall be issued without first obtaining the consent of the persons holding the larger amount in value of the stock of the company issuing the same, at a meeting called for that purpose, and of which and the object and purpose thereof sixty days' public notice shall be given by advertisement in a daily or weekly newspaper published in the town or city in this State where the general offices of the company issuing such bonds may be located.'' [Sec. 962, R. S. 1899.]

The position now assumed by respondent herein is identical with that taken by the respondent in the case of State ex rel. Donnell Mfg. Co. v. McGrath, reported in 86 Mo. 239, wherein this court held that the refusal of the Secretary of State to issue the certificate then sought, was proper. Though the questions involved in the determination of the proceedings in McGrath's case had never since been before us directly in a proceeding by mandamus, as in the present case, the meaning and effect to be given to the constitutional and statutory provisions construed in that case, have lately been before the court in a case involving the legality of a certain bonded indebtedness of a local corporation, issued by authority of the unanimous vote of the stockholders of the corporation without having given the sixty days' notice provided for in said constitutional and statutory provisions, supra, and in that case, after a most full and exhaustive review of all the authorities bearing upon the subject, the case of State ex rel. Donnell Mfg. Co.

v. McGrath was taken up, discussed and criticised and the rule therein announced was condemned as being unsound, and the case overruled (Riesterer v. Land & Lumber Co., 160 Mo. 141) ; and so the rule will be here announced, upon authority of the Riesterer case without further repetition of the reasons upon which it had been predicated, that corporations in this State have by the unanimous concurrence of all the stockholders thereof, in meeting assembled, the right to increase their capital stock, or bonded indebtedness, without the necessity of going through the form of giving the sixty days' public notice of the time and place of such meeting, as the Constitution and statute designate, when all the stockholders express a waiver of such requirement. Such notice could have served no useful purpose whatever, under the facts as they are made to appear in this particular, where all stockholders of relator company were present and participated in the meeting called.

It is our opinion that the sixty days' notice does not apply to conditions like the present, and that the construction of a constitutional or statutory provision should never be adopted which results in the requirement of useless and absurd acts, except where its terms are positive and unavoidable. The peremptory writ is awarded.

All concur.