35 193
44a 619

JOHN JUMP, Defendant in Error, *v.* JOS. W. McCLURG *et al.,* ATTACHING CREDITORS OF JAMES BATTON AND WM. H. BATTON, Plaintiffs in Error.

*Practice—Writ—Seal.*—The omission of the clerk to affix the seal of the court to the writ makes the writ irregular but not void, and the defect may be amended after motion to quash.

*Attachment—Subsequent Attaching Creditors.*—The granting to subsequent attaching creditors the permission to appear and defend prior attachment, is within the sound discretion of the court. (R. C. 1855, p. 256, § 59.)

*Practice—Attachment.*—A subsequent attaching creditor seeking to defend against a prior attachment, must plead within the time allowed to the defendant himself.

## *Error to Polk Circuit Court.*

On the 14th of July, 1862, John Jump filed with the clerk of the Circuit Court of Polk county, his petition, affidavit and bond, and obtained a writ of attachment against James Batton and William H. Batton, for the sum of $808. 35; and the sheriff of said county executed said writ by attaching certain lands of the Battons, on the same day said writ was issued, and an order of publication was obtained after the sheriff had certified that they were not to be found in the county, and upon the oath of the plaintiff that they were non-residents of the State.

At a regular term of the Polk Circuit Court held in October, 1863, and before John Jump had obtained judgment, Joseph W. McClurg, William D. Murphy, Marshall W. Johnson, Hervey Massey, Henrietta E. Jones, and E. D. Torbert, plaintiffs in error in this cause, filed in said Circuit Court the necessary petition, affidavit and bond, and obtained a writ of attachment for the sum of twenty-seven hundred and fifty-three dollars and nineteen cents, with interest and cost of suits against James Batton and William H. Batton; which writ was executed by said sheriff, by attaching the same lands attached heretofore under and by virtue of the writ obtained by the first mentioned plaintiff, John Jump, and an order of publication ordered on the same day. McClurg et al., the subsequent attaching creditors of James Batton and William H. Batton, by their attorney filed their motion asking the court to quash the first writ of attachment in favor of John Jump, because the writ was not under the seal of the court, and because the affidavit on which the writ was sued out is contradictory, inconsistent and repugnant in its allegations. Afterwards, on the 5th day of the term, (being the 23d day of October, 1863,) John Jump, by his attorney, filed a motion asking the court for leave to amend the writ, which motion was by the court sustained, and the clerk was ordered to attach the seal of said court to the writ of attachment. On the same day, the court overruled the motion filed by McClurg et al. to quash the writ of attachment in the case of Jump against Batton.

On the 8th day of said term, the subsequent attaching creditors asked leave to file a plea in abatement, which was refused; and on the same day the court rendered judgment by default in favor of Jump, on the petition filed July 14, 1862, and ordered that the real estate attached be sold under a special execution. Afterwards, at the same term, the subsequent attaching creditors, by leave of the court, filed their motion to arrest the judgment rendered in this cause; which motion was overruled by the court. Whereupon the plaintiffs in error filed their bill of exceptions.

*Lindenbower,* and *Sherwood,* and *Orr,* for plaintiffs in error.

The writ of attachment issued on the 14th July, 1862, in the case of John Jump against James and William H. Batton, was void, because the affidavit upon which said writ was issued was not such as to authorize the clerk to issue said writ. (R. C. 1855, p. 238.) The writ was null and void, because the clerk failed to put the seal of the court to said writ. (R. C. 1855, p. 1586; see Bouv. Law Dict. p. 503.) The plaintiffs in error had the legal right to file a plea in abatement, or make any defence the defendants could have made. (R. C. 1855, p. 256, § 59.) Every defendant not served with a summons, may at any time before final judgment appear and plead. (R. C. 1855, p. 253, § 52; page 257, § 64.) It is clear the court did not consider the writ good without the seal, or it would not have ordered it placed there on motion. If it was invalid until the seal was attached, then McClurg's lien had attached.

The plea 'in abatement, referred to in 33 Mo. p. 315, was offered to be filed by the defendant, and not by a subsequent attaching creditor. The court should have permitted the allegations to be tried. The cause of action alleged by McClurg and others, might exist in 1863 and be false in 1862.

*E. B. Ewing,* for defendant in error.

Leave to file plea in abatement was properly refused; it was offered too late. (Attachments, R. C. 1855, § 23, p. 246; § 64, p. 257; R. C. 1855, p. 1230, § 5; Hamilton v. McClelland, 33 Mo. 315.) Besides, the plea in abatement put in issue one of the grounds alleged by McClurg, &c., in their own affidavit for an attachment. It is in the discretion of the court to permit attaching creditors to appear and defend; and they, when allowed to plead, are restricted both as to the character of the defences and the time of making them, in the same manner that defendant would be if he had appeared. (R. C. 1855, § 59, p. 256.)

The court having jurisdiction of the subject, and the proper

foundation having been laid for the attachment, the writ gave the sheriff authority to act, although no seal was affixed; and the levy under it was valid. The use of a seal is only to authenticate the process; and as the Circuit Court was satisfied of the genuineness of the writ, that it was issued by the proper officer and in a proper case, the omission of the clerk, through inadvertence, to impress it with his seal of office, does not vitiate it.

The constitutional requirement as to writs, is that they shall be tested by the clerk of the court from which they shall be issued, (§ 19, R. C. 1855, p. 79,) which in the case at bar has been done. The seal, or impression rather, is no no part of the writ, but only intended to be evidence of authentication by inspection, and a means of preventing abuse of the process of the court.

DRYDEN, Judge, delivered the opinion of the court.

1. The writ of attachment in this case was irregular for want of the seal of the court, but was not for that cause a nullity as contended by the plaintiffs in error.

It has been held by this court (Davis v. Wood, 7 Mo. 165), that the provision of the State constitution requiring all writs and process to run in the name of "the State of Missouri," is merely directory, and that an omission to comply with the requirement is only an irregularity; so in regard to sealing. The statute requires all writs and process to be under the seal of the court from which they issue, but it nowhere declares the absence of the seal shall render the process void. The only office of the seal is to authenticate or to prove the genuineness of the writ to which it is attached. It is held in Massachusetts that the want of the seal is merely formal, and affects the regularity of the process only. (Foot v. Knowles, 4 Met. 391; Brewer v. Libby, 13 id. 175.) And in New York it is settled, that a writ without the seal of the court is not void, and therefore amendable. (The People v. Dunning, 1 Wend. 17; Culver v. Brown, 4 Cow. 550.) The writ was amendable, and the court therefore committed no

error in permitting the respondent to amend by affixing the seal pending the motion to quash, and in refusing to quash.

2. We find no fault with the action of the court in refusing the plaintiffs in error permission to plead in abatement to the attachment. In the first place, the plaintiffs being strangers to the suit in which they proposed to plead, the privilege of appearing at all rested wholly in the discretion of the court. The law provides, (R. C. 1855, p. 256,) " Sec. 59. In all suits by attachment wherein there is no personal service on the defendant, and the defendant shall not appear to the action, the court in which such suits are pending may, for the furtherance of justice, in its discretion permit any person or persons who are attaching creditors of the same defendant to appear in said suits on behalf of the defendant, and make all such defence as the defendant could have done." There is nothing in the case to show that the court exercised its discretion unsoundly. Not only was the motion for leave to plead unaccompanied by any affidavit in support of the truth of the plea, but in looking into the record it is seen that the ground on which the plaintiffs in error sued out their attachment is identical with one of the grounds in the respondent's affidavit. This was a fact the court could not help seeing; and until some explanation was given, supported by the oath of the party, although the affidavits in the two cases were made at different periods of time, the court might well refuse to allow the plaintiff to intervene.

Furthermore, the plea was out of time. A stranger coming in, in the place of the defendants, could have no higher right than the defendants themselves, supposing the term at which these proceedings transpired was the return term in the respondent's case, the defendants to the suit were bound to appear at farthest on or before the sixth day of the term. (Hamilton v. McClelland, 33 Mo. 315.) The record shows the motion to quash was filed on the third day of the term

and overruled on the fifth, and the offer to plead in abatement was on the eighth day of the term. Had the offer been made by the defendants themselves, it would have been too late.

There is no error in the record. Let the judgment be affirmed; Judge Bates concurring; Judge Bay not sitting.