Doan et al. v. Boley et al.

DOAN, KING & Co., Defendants in Error, *v.* BOLEY & MOORE, Plaintiffs in Error.

38   449
34a 272
38   449
44a 619
38   449
62a  33

*Practice—Process.*—A writ of summons not running in the name of the State of Missouri is voidable only, and not void; and advantage may be taken of the defect by motion; but after a judgment by confession, *nil dicit*, or by default, the defect is cured by the statute. (R. C. 1855, p. 1255, § 19.)

*Error to Jefferson Circuit Court.*

*John L. Thomas*, for plaintiffs in error.

*Abner Green*, for defendant in error.

I. It is too late to raise the objection in this court, that the original summons did not run in the name of "The State of Missouri." Such a writ is not void, but at most only voidable and may be amended—Lawther v. Agee, 34 Mo. 372; Davis v. Wood, 7 Mo. 162; Jump v. Batton's creditors, 35 Mo. 193.

II. The process, if defective, is cured by the 19th section of Practice in Civil Cases, p. 1255, R. C. 1855. If objection had been made to the summons in the court below, the process could have been amended after judgment under said section.

WAGNER, Judge, delivered the opinion of the court.

Plaintiffs instituted suit in 1862, in the Jefferson county Circuit Court, against the defendants, on a promissory note. A summons in the usual form, except that it did not run in the name of the State of Missouri, was issued and served upon the defendants. There was no appearance on the part of the defendants, and judgment was duly given against them in behalf of the plaintiffs. The summons commenced, "To the sheriff, &c.," and not "The State of Missouri to the sheriff," as prescribed by the Constitution, and this is the only error urged for a reversal. It is insisted by the counsel for the defendants in error, that as no exceptions were taken, or motion made for a new trial, in the court below, this court

cannot take cognizance of the matter here. In the case of Bateson v. Clark, 37 Mo. 31, the distinction between what is properly matter of error and exception was briefly examined and pointed out, and the rule laid down, that error apparent on the face of the record, which includes the pleadings, summons and judgment, may be taken advantage of by writ of error in this court whether any motion was made or exceptions taken in the court below or not.

It is not contended that the writ was entirely void by reason of not running in the name of the State, but that it was simply voidable. Undoubtedly it would have been quashed on motion in the court below, or it might have been amended on a direct application for that purpose. It has been held that the provisions of the State Constitution requiring all writs and process to run in the name of the State of Missouri is merely directory, and therefore an omission to comply with the requirements would be merely irregularity—Davis v. Wood, 7 Mo. 162. Now the statute declares that when a verdict shall have been rendered in any cause, the judgment thereon shall not be stayed, nor shall the judgment upon such verdict, or any judgment upon confession, *nihil dicit*, or upon failure to answer, be reversed, impaired or in any way affected for any default or defect of process. The process here was certainly defective; it might have been taken advantage of at the proper time, but, as the parties did not avail themselves of the defect, it is cured by virtue of the statute—R. C. 1855, p. 1255, § 19.

The other judges, concurring, the judgment will be affirmed.