## HALL v. LACKMOND.

1. EXECUTIONS: *May be amended by affixing seal.* ,

An execution issued without attaching thereto the clerk's official seal, may be amended by an·order of the court directing the clerk to affix his seal to the writ, although a · motion to quash it is pending.

2. SAME ; *Power to amend not affected by bond to stay proceedings under.*

The giving of a bond by sureties as provide d for in *Sec.* 2988 *Mansf. Dig.* to obtain a stay of proceedings under an execution, during the pendency of an application to· quash it for want of the clerk's official seal, does not affect the power of the court to· amend the writ, nor prevent the amendment from relating back to the date of the writ.

3. SAME: *Costs on refusing application to quash.*

Where through the fault of the clerk an execution was issued without attaching thereto· his official seal, and during the pendency of an application made by the execution defendant to quash the writ, the court amended it by requiring the clerk to affix his. · seal, it' was not an abuse of the court's discretion on denying the application, to· adjudge the costs thereof against the defendant in the execution.

APPEAL from *Hempstead* Circuit Court.

L. A. BYRNE, Judge.

*Scott & Jones,* for appelllant.

1. The effect of leaving off the seal from the writ, renders it void, when *directly* assailed. 47 *Ark.,* 373 ; 12

8

Hall v. Lackmond.

*Id.*, 421; 25 *Id.*, 524; *Const.*, *Art. VII.*, *sec.* 49; *sec.* 5305 *Mansf. Dig.*; 6 *Wall.*, 556; 2 *Ark.*, 131; 6 *Id.*, 451; 32 *Id.*, 453; 39 *Am. Dec.*, 418.

2. It was error to adjudge the costs of the amendment against appellant.

3. It was error to have the amendment relate back to the date of the writ, to the injury of the sureties on the bond.    28 *Me.*, 508; 2 *Sneed* (*Tenn.*), 154; 2 *Ired.* (*N. C.*), *L.*, 147.

*A. B. & R. B. Williams,* for appellee.

1. The court may amend a writ, by ordering the seal to be attached at any time. *Mans. Dig.*, *secs.* 5080–1–2–3; 12 *Ark.*, 534; 1 *Hill* (*S. C.*), 167; 26 *Am. Dec.*, 163; 26 *Am. Dec.*, 170; 24 *Ark.*, 498; *Freeman Ex. Ch. VI.*, *secs.* 63 *to* 72; 85 *Am. Dec.*, 388; 25 *Ark.*, 525; 35 *Am. Dec.*, 734 *and notes, p.* 735; 48 *Id.*, 56; 43 *Id.*, 47; 81 *Am. Dec.*, 275.

2. It may be amended at any time, and relates back to the time the execution issued. *Freeman Ex.*, *sec.* 71, 72; 14 *Ark*, 59; 1 *Hill* (*S. Ca.*), 239; 26 *Am. Dec.*, 170; 36 *Ill.*, 114; 48 *Ark.*, 104.

3. It is too late to raise the question of costs in this court for the first time.

COCKRILL, C. J.    The clerk of the Hempstead circuit court issued execution upon a judgment rendered in favor of the appellee, against the appellant, without attaching his seal of office to the writ.    It was levied by the sheriff upon the appellant's personal property, but upon application to the circuit judge and the execution of a bond under *section* 2988, *Mansefild's Digest*, proceedings under the execution were stayed until the next term of the circuit court, when upon the motion of the appelle, the clerk was required to affix his seal, and the appellant's application to quash the writ was thereupon denied.

Hall v. Lackmond.

The argument of the appellant is that inasmuch as his proceeding is a direct attack upon the writ, the court erred in refusing to quash it; and to sustain the position, he cites the early cases in our reports where writs without seal were declared nullities.

As early as *Whiting v. Beebe*, 12 *Ark.*, 421, and *Mitchell v. Conley*, 13 *Id.* 414, the error of the early cases was made manifest, and the inherent power of the courts to amend their writs, both original and judicial, when defective only in the want of a seal or other matter of form, was declared. The doctrine of these cases has been often reiterated, both in direct and collateral attacks upon writs. *Kahn v. Kuhn*, 44 *Ark.*, 404; *Rice, Stix & Co. v. Dale & Richardson*, 45 *Ark*, 34; *Jett v. Shinn*, 47 *Id.*, 373, and cases cited therein.

1. EXECU-
TIONS:
May be
amended by
affixing
seal.

The argument that the amendment cannot have relation to the date of the writ, because the sureties in the bond to stay the execution will be injuriously affected, is without foundation. The fact that the writ is capable of amendment shows that it is not void, but that the defect is cured by relation to its date [*Sannoner v. Jacobson*, 47 *Ark.*, 31], and "it has been held upon full consideration that the courts have power to amend their process and records notwithstanding such amendment may affect existing rights." *Tilton v. Cofeld*, 93 *U. S.*, 163, quoted in *Sannoner v. Jacobson, supra.* But what rights have the sureties in the injunction bond that are affected by the amendment? They knew, or are presumed to have known, that if they did not lend their aid in interfering with the execution of the writ, it would prove effective to the plaintiff in the execution in holding the property levied upon; and they executed the bond with the knowledge that the court might, if a proper case was presented, exercise its power of amendment.

2. SAME:
Power to
amend not
affected by
bond to stay
proceedings
under.

The execution of a bond by them could not defeat the power. The appellant has only to return to the sheriff the property released by the bond to relieve his solicitude about his sureties.

**3. SAME: Costs on refusing application to quash.** It is contended that the costs of the application to quash the writ should have been adjudged against the plaintiff in the execution, when the amendment was made. The court may impose terms when it sees fit upon the allowance of an amendment. It declined, in this case, to do so. It was the fault of the clerk and not of the appellee, that the seal was not attached to the writ, and the court might have caused the amendment without waiting for the suggestion to come from the appellee. *Kahn v. Kuhn, supra.* The defect did not affect any substantial right of the appellant; the stay of the execution was unnecessary and was for his benefit, and it was not an abuse of discretion to adjudge the costs against him.

Affirmed.