Smith, Heddins & Co. v. Hackley.

SMITH, HEDDINS & Co., Appellants, v. DEWITT C. HACKLEY, Respondent.

**Kansas City Court of Appeals, April 27, 1891.**

1. **Attachment :** UNATTESTED WRIT QUASHED : AMENDMENT. A writ regular in other respects, but wanting a signature of the clerk, will be quashed on motion interposed in due season, and this, whether it be considered simply irregular or absolutely void ; for if merely defective, on failure to amend, it is subject to be quashed, and is no process at all.

2. ———— : WAIVER OF DEFECTS IN WRIT : JURISDICTION. The fact that defendant first pleaded in abatement and then moved to quash, and, after the motion was sustained, appeared on the trial of the plea in abatement, will not bind the defendant the same as though there was a valid writ, as jurisdiction over the subject-matter in attachment cases is obtained only by the levy thereon of a writ properly issued, and the presence or absence of the defendant has nothing to do with the presence or absence of the attached property,—he may be present and his property absent.

*Appeal from the Saline Circuit Court.*—HON. RICHARD
FIELD, Judge.

AFFIRMED.

*W. A. Alderson,* for appellants.

(1) The writ of attachment is not invalid because
the signature of the clerk of the court was omitted there-
from. The testee of the writ is complete, and the seal
of the court was affixed thereto. *Jelt v. Shinn,* 47 Ark.
374; *Jump v. Baton's Creditors,* 35 Mo. 193; *Ligare
v. Railroad,* 76 Cal. 610; *Burton v. Pettibone,* 5 Yerger,
443; *Boyd v. Fitch,* 71 Ind. 306; *State v. Davis,* 73
Ind. 359; *Gamble v. Trahen,* 3 How. (Miss.) 32; *Botts
v. Williams,* 5 J. J. Marshall, 62; *McCormick v. Mason,*
1 Serg. & R. 91; *Wibright v. Wise,* 4 Blackford, 137.
(2) But conceding that the omission of the clerk to
indorse his approval of the bond thereon, and his fail-
ure to sign the writ, were of such seriousness as to affect
the regularity or legality of the attachment proceed-
ings, yet, by filing a plea in abatement and submitting
to and participating in the trial of the issues raised by
the plea, the defendant waived all objections to the
bond and the writ. *Henderson v. Drace,* 30 Mo. 358;
*Smith v. Alston,* 1 Mill. (S. C.) 104; *Parrott v. Rail-
road,* 47 Conn. 575; *Baker v. Swift,* 87 Ala. 530; *Wiest
v. Layendyk,* 41 N. Y. Rep. 839; *Silver v. Railroad,*
21 Mo. App. 256.

*Wallace & Chiles* and *John S. Blackwell,* for
respondent.

(1) The motion to quash the writ, or pretended
writ of attachment, was properly sustained by the court
below. Such pretended writ was not, and did not, pur-
port to be signed or attested by the clerk of said LaFay-
ette circuit court, was void, and a nullity on its face,

and of which the sheriff was bound to take notice. Const. of Mo. (1875), art. 6, secs. 38; Writs & Process, 2 R. S. 1889, ch. 175, p. 2064, sec. 89; R. S. 1879, sec. 4037; 1 Bouv Law Dict., "Attestation" and "Attesting witness" [3 Ed.] 149-150. And at common law, a writ must "be under seal and 'tested' by the proper officer." 2 Bouv. Law Dict. [3 Ed.] p. 664, "Writ." Sealing and testing are not synonymous. R. S. 1889, sec. 402; R. S. 1889, p. 219, sec. 525; p. 220, sec. 528; p. 221, secs. 533, 534, 535, 536, 537, 538, 561 and 562. "Where the writ is not signed by the officer issuing it, it is void." Wade on Attach. & Gar. [1 Ed.] sec. 121; *Matthews v. Ausley*, 31 Ala. 20; *Wales v. Clerk*, 43 Conn. 183; Wade on Attach. & Gar. 118, 1822; *Horton v. Railroad*, 26 Mo. App. 349, 355, and authorities there cited; *Brown v. Henderson*, 1 Mo. 135; *Bank v. Garton*, 40 Mo. App. 113; *Norman v. Horn*, 36 Mo. App. 419. "In attachment causes the jurisdiction over matter is obtained by the levy thereon of a writ properly issued." *Hardin v. Lee*, 51 Mo. 244; *Durham v. Heaton*, 28 Ill. 264; *Hargadine v. Van Horn*, 72 Mo. 370. "The writ had issued without authority of law, and the proper motion would have been to quash the writ." *Owens v. Johns*, 59 Mo. 89, 90; *Cooper v. Reynolds*, 10 Wall. 319. (2) On the trial of the issues made by the affidavit and plea in abatement, the court properly gave the declaration of law asked by defendant. The alleged writ of attachment having been quashed, this declaration was a legal and logical sequence therefrom. The question of jurisdiction can be raised at any time in a trial court, and the order of the court quashing the attachment, which was read in evidence on this trial, no property having been legally attached, necessarily raised and forced itself upon the attention of the court, as, even in case of a finding for plaintiffs on such issues, no "judgment could have been rendered against defendant sustaining said attachment," as provided by section 562, volume

1, Revised Statutes, 1889, as no attachment had been made to be "sustained." Such a judgment in this case would have been *coram non judice*. The court had jurisdiction of the person of defendant by his voluntary appearance and the filing of his plea in abatement, but it had no jurisdiction of the property of defendant, or subject-matter of the suit. *Henderson v. Henderson*, 55 Mo. 534; *Graves v. McHugh*, 58 Mo. 58; *Bray v. Marshall*, 66 Mo. 122; *Babb v. Bruare*, 23 Mo. App. 604, pp. 606, 608, and cases there cited; *Paker v. Railroad*, 36 Mo. 543; *Babb v. Bruare, supra*, at p. 609, and cases cited; *Brown v. Woody, Adm'r*, 64 Mo. 547–550, and cases cited; *Bank v. Garton*, 40 Mo. App. 123; *Blize v. Castlio*, 8 Mo. App. 290; *Brackett v. Brackett*, 61 Mo. 221; Drake on Attach. [5 Ed.] secs. 36a, 85, 89a, 90, 183a, 184, 397 and 400; *Field v. Maloney*, 78 Mo. 172; *Chouteau v. Boughton*, 100 Mo. 406.

GILL, J.—For an understanding of the legal questions involved in this case it is only necessary to state, that plaintiffs brought suit by attachment in LaFayette county against the defendant, and at the return term defendant filed his plea in abatement putting in issue the grounds of attachment as set out in the affidavit. Thereupon on the application of plaintiffs a change of venue was awarded to the circuit court of Saline county. In the Saline court defendant filed a motion to quash the alleged writ of attachment on the ground that said writ was not signed by the clerk of the circuit court of LaFayette county, and was, therefore, no authority to the officer in making the levy, etc. From the action of the court in sustaining this motion to quash the writ of attachment, plaintiffs have appealed, and the propriety of such ruling is the question for determination. The attachment writ assailed runs in the name of the state of Missouri, directed to the sheriff of LaFayette county, and after the usual commands for summons and for the

attaching of defendant's property, closes with these words of the printed blank :

"Witness C. B. Daniel, clerk of our said court, with his official seal hereto affixed at office in the city of Lexington, this ——— day of ———, A. D. 187—.

"[ Seal.]          ................., Clerk.

"By............Deputy Clerk."

I.   The character of process to be issued, either to bring in the defendant or his property, is defined by section 8950, Revised Statutes, 1889, which read as follows:   "All writs and process issued out of any court of record shall run in the name of the state of Missouri, and shall be tested by the clerk of the court from which the same shall be issued, and sealed with the judicial seal of such court."    And so the constitution ( section 38, article 6 ) provides that "all writs and process shall run   *   *   *   in the name of the state of Missouri ; all writs shall be attested by the clerk of the court from which they shall be issued."    The only difference between the requirements of the statute and the constitution is, that by the former the writ must be authenticated by the court's seal as well as attested by the clerk, while the constitution makes no mention of the seal of the court.    Now the writ in question has, it seems, the court's seal attached, but the attestation by the clerk is wanting.    Is this omission of attesting by the clerk fatal to the writ on a motion to quash?   We answer, yes.    In our opinion it is immaterial in this particular case, whether the absence of the clerk's attestation shall be regarded such an omission as to render the paper altogether void as a writ, or only irregular and voidable.    For if said writ was merely defective or irregular, then, on a failure to amend, it is clear that it was subject to a successful motion to quash. It was not amended, nor was there any offer to amend. A defective writ successfully assaulted by a motion to quash, interposed in due season, is the same as no process at all.    The most that can be claimed from the

cases cited by plaintiffs' counsel is, that such want of the clerk's attestation only amounted to an irregularity, or a defective process, which was subject to amendment. They concede that such defective process may be taken advantage of by motion to quash filed in due season. See, for example, *Doan v. Boley*, 38 Mo. 449; *Hansford v. Hansford*, 34 Mo. App. 272; *Jump v. Baton's Creditors*, 35 Mo. 193; 47 Ark. 377; 71 Ind. 306, etc. In the case at bar it is clear that, to say the least, the writ was defective in that it was not attested by the clerk. This is a serious omission, and has been held to render the writ absolutely void. Wade on Att., sec. 121. At all events the omission of the clerk's signature was such an irregularity or defect as to furnish grounds for a motion to quash.

II. But it is further contended by plaintiff's counsel, that defendant, by his conduct in filing his plea in abatement and submitting to a trial of the grounds for attachment, waived the absence of a valid writ of attachment. This claim must rest on the following facts: It seems that the defendant first filed a plea in abatement; then followed the motion to quash, so that by the judgment of the court the case stood an attachment without a writ. Plaintiffs then (for the mistaken purpose probably of preparing the case for appeal) demanded a trial on the plea in abatement. Defendant at first protested and objected to any such trial, but then withdrew such objections, and the court proceeded to the trial of said plea in abatement, a jury being waived. After the introduction of the evidence on such supposed issues, the court at the request of the defendant declared as there had been no writ of attachment issued in said cause, and no attachment of any property, "then the court had no jurisdiction to try the issues made by the affidavit and plea in abatement, nor to render any judgment sustaining any finding for plaintiffs on such issues," and judgment was thereupon rendered for defendant. Admitting now the correctness

of the court's action in quashing the attachment writ, the contention, practically, now is, that the defendant by subsequently joining in a trial of the plea in abatement waived the necessity of a writ, and is bound the same as though there was a valid writ of attachment. We cannot indorse this position. As already said, whether the pretended writ of attachment was void on its face, or only voidable or defective, the sustaining a motion to quash had the effect of striking from the record the paper called a writ, and the matter stood as if there never was any writ, defective or otherwise. Giving plaintiffs then the benefits of the facts, *stated most strongly against defendant*, admitting that the said defendant appeared in a proceeding by attachment, *where there was no writ of attachment*, and that he filed answer to the allegations of the affidavit and went to trial thereon, is the defendant under such circumstances denied the right to question the jurisdiction of the court in assuming to try the issues on such plea in abatement? In our opinion when the writ of attachment was quashed, the very vitals of the attachment proceedings were cut away. In the absence of an attachment writ there was no jurisdiction in the court to proceed. "Jurisdiction over the subject-matter in attachment cases is obtained only by the levy thereon of a *writ* properly issued." *Hardin v. Lee*, 51 Mo. 244. What was said by us in *Third National Bank v. Garton*, 40 Mo. App. 122, is equally pertinent here: "It is well understood that, in the matter of jurisdiction over the *person*, a defendant may appear in court and submit himself to the jurisdiction thereof in the face of defective, or even *void*, process, and that he cannot thereafter complain of such want of process, since he will be deemed to have waived the necessity thereof. However, this rule has no application here, in a proceeding in its nature *in rem*, where the court seeks by its process to bring the *thing* into court for the purpose of subjecting such thing to the payment of the plaintiff's claim.

\*   \*   \*   The presence or absence of the *defendant* in the suit has nothing to do with the presence or absence of the attached property. In other words the defendant may be present and yet the defendant's *property* absent, or not within the court's jurisdiction." The court had no jurisdiction over the property of this defendant ( after the writ was quashed ), and consent of the parties could not confer jurisdiction. *Bank v. Garton*, 40 Mo. App. 123, and cases cited.

Besides,. it is well here to bear in mind, that the defendant, as appears from the entire record, never conceded the jurisdiction of the circuit court. He opposed the hearing, and the court, at his request, at the trial declared in express terms that it had no jurisdiction.

Judgment affirmed. ELLISON, J., concurs ; SMITH, P. J., dissents.