# ROBERT A. CREASON v. DAZARENE YARDLEY and Unknown Heirs of OLIVER MYERS; DAZARENE YARDLEY, Appellant.

### In Banc, November 17, 1917.

1. **PROCESS: In Name of the State.** The provision of the Constitution requiring that "all writs and process shall run in the name of the State of Missouri" is directory and not mandatory in its nature.

2. ——: ——: **Order of Publication.** An order of publication which conveys the same information that it would impart if running in the name of the State is neither void nor voidable, although it is not made to run in the name of the State; and being neither void nor voidable, but a substantial compliance with the law, it cannot upon motion be quashed because it does not so run. [Overruling *Obiter dicta* in Doan v. Boley, 38 Mo. 1. c. 450.]

3. **MERITS OF ACTION: Disregard of Technical Errors.** Where the court has jurisdiction of the subject-matter and by a substantial compliance with the law has obtained jurisdiction of the persons of defendant, it should disregard a failure of the writ or process to technically comply with constitutional provisions or statutes that are purely directory, if such process imparts to defendant the same information as would a technical compliance therewith.

Appeal from Sullivan Circuit Court.—*Hon. Fred Lamb,* Judge.

AFFIRMED.

*D. M. Wilson* for appellant.

(1) All writs and process shall run in the name of the State of Missouri. Sec. 38, art. 6, Mo. Constitution. (2) Although this requirement of the Constitution is directory, and its omission only an irregularity, yet it can be taken advantage of (as was done in this case) by motion to quash. Doan v. Boley, 38 Mo. 449. (3) Error apparent on the face of the record, which includes the pleadings, summons (order of publication) and judgment,

may be taken advantage of in the Supreme Court whether any motion was made or exceptions taken in the court below or not. Bateson v. Clark, 37 Mo. 31. (4) The order of publication shall be directed to the non-residents. Sec. 1770, R. S. 1909. (5) Jurisdiction of the person can only be acquired by a strict compliance with the requirements of the statute, and if the statutory provisions authorizing service by publication are not complied with the judgment against the appellant is void. Parker v. Burton, 172 Mo. 91; Kelly v. Murdagh, 184 Mo. 377. (6) An order of publication must be in strict compliance with the statute. Schell v. Leland, 45 Mo. 289; State ex rel. v. Field, 107 Mo. 451; Harness v. Cravens, 126 Mo. 246-253; Lumber Co. v. Keener, 217 Mo. 529; Stanton v. Thompson, 234 Mo. 7. (7) Although the record of a court of general jurisdiction recites that the defendant has been duly served with process, it is competent to overthrow such recital by showing by other parts of the record that such recital is not true. Williams v. Monroe, 125 Mo. 584. (8) The order of publication shall state briefly the object and general nature of the petition. Sec. 1770, R. S. 1909. And the true meaning of the statute is that it shall go to the extent of a substantial statement of all the objects of the suit. Bobb v. Woodward, 42 Mo. 489.

*E. B. Fields* for respondent.

(1) The provision requiring process to run in the name of the State of Missouri is directory merely. State v. Foster, 61 Mo. 449; Cape Girardeau v. Riley, 52 Mo. 424; Davis v. Wood, 7 Mo. 162; Bick v. Wilkerson, 62 Mo. App. 31. (2) The order of publication is sufficient in substance. It advises the defendant of the commencement of the suit and its object and general nature (that it is to ascertain and determine the interests of the respective parties to the lands described in the petition and order of publication). This is all that is required. Sec. 1770, R. S. 1899; Jasper County v. Wadlow, 82 Mo. 172; Hambel v. Lowry, 264 Mo. 168. (3) This publication is sufficient in substance and form and is a copy almost *ver-*

*batim* of the order in the case of Miller v. Keaton, 260 Mo. 708, set out in full on page 714. Hambel v. Lowry, 264 Mo. 168. This is the form that has been published in every revision of the statutes since 1855: Form 86, vol. 2, R. S. 1855; Form 86, G. S. 1865, p. 993; Form No. 86, vol. 2, Wagner's Statutes, p. 1411; Form No. 86, R. S. 1879, p. 716; Form 91, R. S. 1889, p. 2248; Form 87, vol. 1, R. S. 1899; Form 129, R. S. 1909, p. 3760. Thus it had the legislative sanction for more than fifty years, in which no other form was ever given and it is doubtful if any other form was ever used in the general practice of this State and it has met with frequent approval of the appellate courts of this State. Authorities supra. (4) The defendants had notice as the appellant appeared and made the motions referred to in the record. There is no pretense that her rights were in any way prejudiced or that she was deprived of any opportunity to make her defense, and merely commencing the order with the words, "The State of Missouri to Dazarene Yardley," would not have helped her cause in the least. The objection is entirely too technical. State v. Foster, 61 Mo. 551.

RAILEY, C.—On February 2, 1914, plaintiff filed in the circuit court of Sullivan County, Missouri, his petition against the above named defendants, to quiet title to the northwest quarter of the southwest quarter of Section 36, Township 61, Range 21, located in Sullivan County, Missouri. Said petition avers:

"That the defendants and each of them claim and assert title to the aforesaid real estate, and that the claims of said defendants are adverse and prejudicial to the title and interest of plaintiff in said real property. Wherefore, plaintiff prays the court to try, ascertain and determine the estates, title and interests of plaintiff and defendants of, in and to the said real estate hereinbefore described, and by its decrees to adjudge, determine, settle, quiet and define the respective rights, titles, interests and estates of plaintiff and defendants to said real property; . . . and for all other proper orders and relief in the premises."

Said petition was verified by the affidavit of plaintiff, which contained the following:

"And affiant further states that the defendants are non-residents of the State of Missouri."

On February 2, 1914, the clerk of the circuit court aforesaid entered of record, the following:

### ORDER OF PUBLICATION.

State of Missouri, County of Sullivan—ss.

In the Circuit Court, May Term, 1914.    Robert A. Creason, Plaintiff, v. Dazarene Yardley, and the Unknown Heirs, Consort, Devisees, Alienees and Immediate, Mesne, Remote, Voluntary and Involuntary Grantees of Oliver Myers, Deceased, Defendants.

Now at this day comes the plaintiff herein by his attorney, E. B. Fields, and files his petition and affidavit alleging among other things that defendants Dazarene Yardley and the unknown heirs, consort, devisees, alienees and immediate, mesne, remote, voluntary and involuntary grantees of Oliver Myers, deceased, are not residents of the State of Missouri; whereupon it is ordered by the clerk in vacation of court that said defendants be notified by publication that plaintiff has commenced a suit against them in this court, the object and general nature of which is to try, ascertain and determine the estate, title and interest of plaintiff and defendants in and to the following described real estate, lying and being in Sullivan County, Missouri, viz., the northwest quarter of the southwest quarter of section thirty-six in township sixty-one of range twenty-one; and that unless the said defendants be and appear at this court at the next term thereof to be begun and holden at the court house in the city of Milan in said county on the 4th day of May next and on or before said day answer or plead to the petition in said cause, the same will be taken as confessed, and judgment will be rendered accordingly.    And it is further ordered that a copy hereof be published according to law in the Milan Standard, a newspaper published in said county of Sullivan, for four weeks successively, published at least once a week, the last insertion to be at least thirty days before the first day of said next May term of this court.

A. D. MORRISON,<br>Circuit Clerk.

A duly certified copy of this order was published in the Milan Standard on the 5th, 12th, 19th and 26th days of February, 1914, and proof of publication duly filed.

On May 5, 1914, being the first day of the May term, 1914, of said court, the defendant, Dazarene Yardley, filed her motion to quash the order of publication and the

service thereof. Said motion, without formal parts, reads as follows:

> Comes now the defendant Dazarene Yardley for the sole purpose of making this motion, and for that purpose only moves the court to quash the order of publication and service of process in this case, and for grounds of her said motion, says:
>
> 1. That said order and process is defective and irregular in this, that it does not comply with the provisions of Section 38 of Article 6 of the Constitution of the State of Missouri.
>
> 2. That said order and process is defective and irregular in this, that it does not comply with the provisions of Section 1770, R. S. of Missouri, 1910.
>
> 3. That said process and order does not run in the name of the State of Missouri as required by law.
>
> 4. That said order and process is not directed to the non-resident defendant Dazarene Yardley as required by the statute.
>
> 5. That said order and process does not state the object and general nature of the petition as required by the statute."

This motion was overruled on May 7, 1914.

Afterwards, during said May term, and on May 14, 1914, the court entered its judgment, as follows:

> Now on this 14th day of May, 1914, the above cause comes on to be heard, and it appearing to the court that each of the above named defendants had been duly notified and served by publication according to law, and the issues all and singular being submitted to the court upon the pleadings and evidence adduced by the plaintiff, the court doth find, ascertain and determine that the plaintiff Robert A. Creason is the owner in fee simple of the land described in his petition, to-wit, the northwest quarter of the southwest quarter of section thirty-six in township sixty-one of range twenty-one in Sullivan County, Missouri, and that the defendants neither of them have any right or title in said lands. It is therefore ascertained, determined, decreed and adjudged by the court that the plaintiff is the owner in fee simple of the said lands, to-wit, the northwest quarter of the southwest quarter of section thirty-six in township sixty-one of range twenty-one in Sullivan County, Missouri, and that the defendants and each of them and all persons claiming by, through or under them be and are hereby forever barred from claiming or asserting any right or title to said lands or any part thereof. It is further adjudged that plaintiff pay the costs of this proceeding taxed at the sum of........dollars.

On May 15, 1914, defendant, Dazarene Yardley, filed herein the following motion:

> Comes now the defendant Dazarene Yardley and entering her appearance for the purpose of making this motion and for that

Creason v. Yardley.

purpose only moves the court to set aside its finding and judgment in this case for the following reasons:

1. Because the order of publication in this case is invalid and void, and its service conferred no jurisdiction on this court over this defendant.

2. Because the court erred in overruling defendant's motion to quash the order of publication and the service thereof.

3. Because the court has obtained no jurisdiction over this defendant.

On May 16, 1914, this last motion was overruled, and on the same day, said defendant, Dazarene Yardley, filed a motion in arrest of judgment, which said motion reads as follows:

Comes now the defendant Dazarene Yardley and entering her appearance for the purpose of making this motion and for that purpose only moves the court to arrest the judgment in this case, and for grounds of her said motion says:

1. That upon the whole record in said cause the judgment is erroneous.

2. That the court obtained and had no jurisdiction over this defendant.

3. That the court has no jurisdiction to render the judgment it rendered against this defendant.

4. That the order of publication in this case is invalid and void.

This motion was likewise overruled, and the cause duly appealed to this court by defendant, Dazarene Yardley.

Dazarene Yardley, is the sole appellant in this court, and has assigned several *alleged* errors of the trial court, as grounds for reversal.

I. It is claimed that the circuit court committed error in overruling appellant's motion to quash the order of publication, issued in this cause, and the service thereof. The order of publication is heretofore set out and speaks for itself. It does not *purport* to run in the name of the State of Missouri.

*Writ Running in Name of State.*

.Section 38 of article 6 of our Constitution provides that:

"All writs and process shall run . . . in the name of the 'State of Missouri.'"

Section 24 of article 4 of the Constitution reads as follows:

"The style of the laws of this State shall be: 'Be it enacted by the General Assembly of the State of Missouri as follows.'"

. It is not provided in section 38, supra, or elsewhere in the Constitution, that if the order of publication, in a case of this character, conveys the same information which it would impart if running in the name of the State of Missouri, that said process should be void or even voidable. This court, in discussing the above sections of our organic law, have always held them to be *directory* and not *mandatory* in their nature. [Davis v. Wood, 7 Mo. 162, 165; Jump v. Batton's Creditors, 35 Mo. l. c. 196; Doan v. Boley, 38 Mo. 449-50; City of Cape Girardeau v. Riley, 52 Mo. 424; City of St. Louis v. Foster, 52 Mo. 513; State v. Foster, 61 Mo. 549; Keating v. Skiles, 72 Mo. l. c. 101; Riesterer v. Land & Lbr. Co., 160 Mo. l. c. 151 et seq.; State ex rel. v. Cook, 178 Mo. 189, 193; Hansford v. Hansford, 34 Mo. App. l. c. 272; Bick v. Wilkerson, 62 Mo. App. l. c. 32-3; In re Mathiason Mfg. Co., 122 Mo. App. l. c. 444; Newcombe v. Kramer, 189 Mo. App. l. c. 541.]

The foregoing authorities clearly hold that section 38 of article 6 of our Constitution requiring that all writs and process shall run in the name of the State is merely *directory*.

Suppose the order of publication in this case, after setting out the names of the defendants, had contained the following: "The State of Missouri, to all of the above named defendants, greeting." Would it have imparted to the defendants, or either of them, any additional information in respect to the prospective litigation, not contained in the foregoing order of publication? We think not. Every person who read said order of publication knew that the plaintiff, Robert A. Creason, had sued defendant, Dazarene Yardley, and the unknown heirs, etc., of Oliver R. Myers, deceased, in the Circuit Court of Sullivan County, Missouri; that said cause was returnable to the next May term of said court; that the object and general nature of the action was to try, ascertain and determine the estate, title and interest of *plaintiff*

and *defendants,* in and to the real estate in controversy. Every person who read the publication was advised that defendants were required to appear and answer or plead to the petition at the next term of said court, which was to be begun and held in the city of Milan, in the county aforesaid, on the 4th day of May, 1914. They were further advised that unless said defendants so appeared and answered or plead to said petition the same would be taken as confessed and judgment rendered accordingly. We are of the opinion that if said order of publication had contained *all* the *alleged* requirements pointed out by appellant, it would have afforded no more practical information than that contained in the order of publication as made.

In the brief filed by counsel for appellant it is said: "Although this requirement of the Constitution is directory, and its omission only an irregularity, yet it can be taken advantage of (as was done in this case) by motion to quash."

It is true that this court, in Doan v. Boley, 38 Mo. l. c. 450, said:

"It is not contended that the writ was entirely void by reason of not running in the name of the State, but that it was simply voidable. *Undoubtedly it would have been quashed on motion of the court below, or it might have been amended on a direct application for that purpose.* It has been held that the provisions of the State Constitution requiring all writs and process to run in the name of the State of Missouri is merely directory, and therefore an omission to comply with the requirements would be merely irregularity. [Davis v. Wood, 7 Mo. 162.] . . . *The process here was certainly defective; it might have been taken advantage of at the proper time, but, as the parties did not avail themselves of the defect, it is cured by virtue of the statute.* [R. C. 1855, p. 1255, sec. 19.]" (Italics ours.)

The italicised portion of said opinion is relied upon by appellant in this case. It was not necessary to a decision of said cause, and, hence, was *obiter dicta.* If section 38 of article 6, supra, is simply *directory, and the order*

*of publication, as made, imparted the same information, as though it had run in the name of the State,* we hold that it was, as published, in *substantial* compliance with the law, and that the trial court acquired jurisdiction over the person of appellant by said publication, although it did not run in the name of the State. Upon the filing of the petition in this cause, the circuit court of Sullivan County became vested with jurisdiction over the subject-matter of the action, and through said order of publication acquired jurisdiction over the person of appellant for the purpose of quieting the title to said property, although no personal judgment was, or could have been, entered against her, as she only appeared *specially* for the purpose of raising the question of jurisdiction.

It is to the interest of the Republic that the titles to real estate should be speedily settled. The appellant in this case had information as to the pendency of this action on or before the return day of said process. She has seen fit to rely upon technicalities to defeat the action, which do not go to the merits of the controversy. The publication in this case is no more subject to *special* attack than if the appellant had made *no* appearance to the action. The language referred to in Doan v. Boley, 38 Mo. supra, which is in conflict with the conclusion above announced, as well as that contained in other cases along the same line of reasoning, should not be followed.

Section 2082, Revised Statutes 1909, provides that: "The Supreme Court, or Court of Appeals shall not reverse the judgment of any court, unless it shall believe that error was committed by such court against the appellant or plaintiff in error, and materially affecting the merits of the action."

The above, in connection with Section 2119, Revised Statutes 1909, justifies us in holding that the trial court committed no error in overruling appellant's motion to quash the order of publication.

II. In view of the conclusion reached in the preceding proposition, we do not deem it necessary to

prolong this discussion by reviewing the other **Other Grounds** alleged grounds of error. We are of **of Error.** the opinion that the order of publication in this case was sufficient; that the trial court, by reason thereof, was vested with jurisdiction over the subject-matter and properly entered judgment in favor of respondent upon the service thus made.

The judgment of the trial court is accordingly affirmed.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the Court in Banc. *Graves, C. J.,* and *Walker, Blair* and *Williams, JJ.,* concur. *Faris* and *Woodson, JJ.,* concur in result. *Bond, J.,* dissents.