SLIGO FURNACE COMPANY, Appellant, v. JAMES M. LAIDLEY et al.

Division One, March 5, 1921.

**SUIT TO DETERMINE TITLE: Unsigned and Unsealed Execution: Void Sale.** A special *fieri facias* issued in 1880 on a judgment in the circuit court for back taxes which is neither signed nor attested by the clerk nor sealed with the seal of the court or any other seal, is merely void, and a sale of land thereunder is likewise void, and the sheriff's deed based thereon conveys no title.

Appeal from Iron Circuit Court.—*Hon. E. M. Dearing,* Judge.

AFFIRMED.

*Edgar & Edgar* and *Watts, Gentry & Lee* for appellant.

(1) In a suit to quiet title, a tax deed will not be held to have been invalid on the ground that the land sold for a grossly inadequate price. Such an objection cannot be raised in a collateral proceeding. Lumber Co. v. Carroll, 255 Mo. 357. (2) "Laidly" and "Laidley" are *idem sonans.* Maier v. Brock, 222 S. W. 74. (3) The mere inadvertent failure of the clerk to sign his name to the execution which was otherwise regular and entirely in conformity to the judgment and which was actually executed, is immaterial and does not invalidate the tax proceeding. Stewart v. Severance, 43 Mo. 322; Morrison v. Turnbaugh, 192 Mo. 445; Fee v. Ry. Co., 58 Mo. App. 96.

*Arthur T. Brewster* and *Sam M. Brewster* for respondents.

(1) The sheriff's tax deed is void for the reason that there was no valid execution issued on the judg-

ment for delinquent taxes to give the sheriff valid authority to sell the land of the defendant. Secs. 2236, 6838, R. S. 1879; Bennett's Admrx. v. Vinyard, 34 Mo. 218; Fee v. Ry. Co., 58 Mo. App. 96; Wolz v. Venard, 253 Mo. 87. (2) The statute in force on the date of the issuance of the purported execution required the clerk to issue and attest all process, and affix the seal of his office thereto. Sec. 627, R. S. 1879; Swink v. Thompson, 31 Mo. 338. (3) The statute prescribes the form of a special *fieri facias,* which shows that it must be authenticated by the clerk of the court from which it was issued. Sec. 2236, R. S. 1879. (4) The tax proceedings being based upon constructive service by order of publication, that method of service, being highly technical, must be strictly pursued and strictly construed. Harness v. Cravens, 126 Mo. 233; Shuck v. Moore, 232 Mo. 649; Kunzie v. Hickman, 243 Mo. 103; Stanton v. Thompson, 234 Mo. 11; Ohlman v. Mill Co., 222 Mo. 62; Turner v. Gregory, 151 Mo. 103; Chilton v. Tam, 235 Mo. 498.

SMALL, C.—Suit to quiet title. The defendants are the heirs of James M. Laidley, deceased, who is the common source of title. Plaintiff claims title by virtue of sheriff's deed made to its grantor, Eli D. Ake, dated November 20, 1880, under a proceeding by the collector for back taxes. The proceeding was by publication against said James M. Laidley as a non-resident, and it is regular in all respects, from the filing of the petition up to and including the making and delivery of the sheriff's deed, except the execution.

The defendants introduced in evidence an original paper found in the files of the case, which is a regular special *fieri facias,* in all respects purporting to be issued under said judgment in said tax suit, except that it is neither signed nor attested by the clerk, nor sealed with the seal of the court nor any other seal. The attestation clause is as follows:

"Witness Jos. Huff, Clerk of said Court with the seal thereof affixed at office, in the City of Ironton, this 25th day of Sept. 1880....................Clerk."

The sheriff's return and report of sale is endorsed thereon and refers to it as a writ, thus: "Executed this writ on the 24th day of Sept. 1880," by seizing and selling the property, etc. There was also endorsed on the back the number and style of the case, date and amount of judgment, and sundry items of costs. Also the following: "Received Oct. 28, 1880 on this execution $5 from the sale of the within described land and return the same not satisfied. Jos. Buford Sheriff."

There is no claim that there was any other execution than this unsigned and unsealed paper in said tax suit. The lower court held that said execution and the sale thereunder were void, and rendered judgment for the defendants. Plaintiff took the proper steps to lodge an appeal in this court.

We think the circuit court was right. The law governing the collection of judgments in such tax proceedings (Sec. 6838, R. S. 1879) provides that "a special *fieri facias* shall be issued thereon which shall be executed as in other cases of special judgment and execution." Also, by Section 6837, R. S. 1879, it is provided, that in all such suits, "the general laws of the State as to practice and proceedings in civil cases shall apply, so far as applicable." There are no other provisions of the back tax act referring to such special executions. We must, therefore, look to the general law relating to executions. Section 2336, Revised Statutes 1879, provided for and set out the form of an execution with an attesting clause, as follows: "Witness: E. F. clerk of the said court, at this——day of——in the year——. E. F. clerk."

Section 4037, Revised Statutes 1879, required all writs and proesss to run in the name of the State of Missouri, to be "tested by the clerk of the court from

*Execution:*
*Unsigned and*
*Unsealed.*

which the same shall be issued, and sealed with the judicial seal of such court." And Section 4038, Revised Statutes 1879, that all such writs and process should "be subscribed by the officer issuing the same."

The rulings of our courts regarding the failure to comply with these provisions have been as follows: The requirement that the writ should run in the name of the State is merely directory, and its omission does not invalidate the execution. [Davis v. Wood, 7 Mo. 165; Doan v. Boley, 38 Mo. 449; Creason v. Yardley, 272 Mo. 285.] So, also, is the requirement that all writs shall be issued under the seal of the court, and failure to attach the seal does not render a writ of attachment void. [Jump v. McClurg, 35 Mo. 193.] In the case last mentioned, it does not appear that the writ was not properly signed. But a writ not signed, although it has the seal attached, was held subject to be quashed on motion, and unless amended, void. [Smith v. Hackley, 44 Mo. App. 614.]

But, in the case before us, the writ was neither subscribed nor attested by the clerk, nor issued under the seal of the court. In some jurisdictions, unless both the seal of the court and signature of the clerk authenticate the execution, it is held void and a sale thereunder passes no title. [Hernandez v. Drake, 81 Ill. 34; Sidwell v. Schumacher, 99 Ill. 426; Weaver v. Peasley & Co., 163 Ill. 251; O'Donnell v. Merguire, 131 Cal. 527; Williams v. McArthur, 111 Ga. 28; Ray v. Trust Co., 93 S. E. 418; Biggess v. Winkles, 124 Ga. 990; Boal's Lessee v. King, 6 Ohio, 11; Taylor v. Taylor, 83 N. C. 116.]

But, in other states, the absence of the seal of the court, present the signature of the clerk, or *vice-versa,* is held not to invalidate the execution or the sale thereunder. [Kipp v. Burton, 29 Mont. 96; Taylor v. Buck, 61 Kan. 694; Warmoth v. Dryden, 125 Ind. 355; Rose v. Ingram, 98 Ind. 276; Taylor v. Courtnay, 15 Neb. 190; Dominick v. Eacker, 3 Barb. 17; Hall v. Lackmond,

50 Ark. 113; Arnold v. Nye, 23 Mich. 286; Purcell v. McFarland, 23 N. C. 34; Corwith v. Bank, 18 Wis. 560; Parsons v. Swett, 32 N. H. 87; Inskeep v. Lecony, 1 N. J. L. 111; People v. Van Hoesen, 62 How. Prac. 76; Jett v. Shinn, 47 Ark. 373; 10 R. C. L. page 1239, *et seq.*, secs. 28, 29 and 31.]

We have been able, however, to find no case holding that a paper purporting to be an execution, but which has neither the seal of the court nor the signature of the clerk attached to it, is of any validity whatever. To hold that such paper is valid as an execution would be to set at naught all safeguards provided by law to insure the identity, integrity and genuineness of the final process of the court, and, in effect, to rule that real and personal property could be levied upon and sold by the sheriff without any execution at all. An execution not authenticated by either the signature of the clerk or seal of the court is of no more legal efficacy than a blank piece of paper, or an unsigned deed, or an unsigned and unwitnessed will.

Finding no error, we affirm the judgment. *Brown* and *Ragland, CC.,* concur.

PER CURIAM:—The foregoing opinion by Small, C., is adopted as the opinion of the court. All of the judges concur.