CITY OF CAPE GIRARDEAU, Appellant, vs. PHILIP RILEY, et al.,
Respondents.

1. *Statute, construction of—Acts of Legislature—Enacting clause—Not essential
to the validity of an act.*—The provision of the constitution of Missouri (Art.
4, § 26 ;) declaring that the style of the laws of this State shall be "Be it enact-
ed" etc, is directory and not mandatory, and an Act regularly passed by the
Legislature may be valid when this clause is omitted.

2. *Statute, construction of—Act continuing a former act, not an original one.*—The
revision of a law does not have the effect of making the revised law entirely
original, so as to be construed as though none of its provisions had effect but
from the date of the revised law ; when a former provision is contained in a
revised law it operates only as a continuance of its existence, and not as an
original act.

*Appeal from Cape Girardeau Court of Common Pleas.*

*Lewis Brown,* for Appellant.

I. A bill having passed the General Assembly and re-
ceived the approval of the Governor, although entirely want-
ing an enacting clause, as set out in the Constitution, Article
4, § 26, is valid. (People vs. Supervisors, 8 N. Y., 323–330 ;
Pacific R. R. vs. Governor, 23 Mo., 368, *et seq.,* People vs.
Draper, 15 N. Y., 343–4.)

The Constitution says, (Art. 6, § 26,) "All writs and process
shall run * * in the name of the State of Missouri." * * This
provision has been held merely directory, and this court, say :
"The constitution as well as the statute is merely directory,
and neither the one or the other expressly makes void a writ
not in conformity to its provisions." (Davis vs. Wood, 7 Mo.,
165 ; Jump vs. Batton, 35 Mo., 196 ; Doan, *et al.* vs. Boley
*et al.,* 38 Mo., 450, and see Cooley's Const. Lim., p. 74, *et seq.*)
A case directly in point, as to enacting clause is McPherson vs.
Leonard, 29 Md., 377,—and see Swan vs. Buck, 40 Miss.,
268 ; State vs. Delesdenier, 7 Texas, 76 ; Supervisors vs. Hee-
nan, 2 Minn. 330 ; Washington vs. Paige, 4 Cal., 388.)

The Constitution itself contains all the inhibition that can
exist against legislative action, and the courts cannot add to
these inhibitions.

II. If the Legislature act within the scope of the powers

conferred upon them, and were not prohibited by the Constitution, the courts cannot pronounce their act void, merely because, in their opinion, it is contrary to the principles of natural justice. (Calder vs. Bull, 3 Dallas, 399; Satterlee vs. Mattemore, 2 Peters, 380; Fletcher vs. Peck, 6 Cranch, 87.)

III. The General Assembly may rightfully, by a subsequent act, validate and confirm previous acts of a corporation otherwise invalid. (Cooley's Const. Lim., p. 371–379 and citations; Dillon Mun. Corp., § 42 note 1; p. 346 note 3.) When a statute does not, in express terms, annul a right or power given to a corporation by a former act, but only confers the same rights and powers under a new name, and with additional powers, such subsequent act does not annul the rights and powers given under the former act and under its former name, unless there is an express repeal of such former act.— (State vs. Mobile, 24 Ala., 701; Girard vs. Philadelphia, 7 Wall, 1; Commonwealth vs. Worcester, 3 Pick., 474; Trustees etc., vs. Erie, 31 Pa. St., 515–517; Fowler vs. Alexandria, 3 Pet. 398–408; St. Louis vs. Alexander, 23 Mo., 509.)

*Louis Houck,* for Respondent.

I. The Constitution of Mo. in 1863, as now, provided that the style of the laws shall be: "Be it enacted by the General Assembly of the State of Missouri as follows:"

This is a mandatory provision of the Constitution of the State. (State vs. Miller, 45 Mo., 498.)

In the case of McPherson vs. Leonard, 29 Md., 377; it seems that the Constitution of Maryland provided that the style of the Court should be. "Be it enacted by the General Assembly of Maryland;" yet that the Supreme Court held that law with no other enacting clause than "Be it enacted," was valid and constitutional.

The cases of State vs. Delesdenier, 7 Texas 94, and Swan vs. Buck, 40 Miss., 293, are to the same effect.

In these cases it will be seen an enacting clause of some sort was found, although not strictly following the clause pointed out by the Constitution. But a wide difference exists between

those cases and the case at bar, for in the case now under consideration no *enacting clause* whatever will be found.

It would seem that it is impossible that a statute creating this essential requisite of law should be void.

The cases of Supervisors vs. Heenan, 2 Minn., 330, and Washington vs. Paige, 4 Col., 388; have no application, and a different rule prevails in regard to the matters decided in those cases in this State. (State vs. Miller, 45 Mo., 498.)

The former acts in relation to the incorporation of the City of Cape Girardeau, as well as the subsequent acts cited, cannot be considered upon this demurrer. The petition refers to the Act of 1863 as incorporating the city. The plaintiff might doubtless have amended his petition by referring to some other act of incorporation, but he neglected and refused so to do by standing by his petition.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff's petition alleged an act of incorporation investing plaintiff with power to sue. A demurrer was interposed and sustained, and the important question that arises in the case is the validity of the act of the Legislature incorporating the plaintiff as a city.

The objection taken is that there is no enacting clause to the law, and it is contended that this omission renders it wholly invalid. The Constitution of this State (Art. 4, § 26,) declares that the style of the laws of this State shall be : "Be it enacted by the General Assembly of the State of Missouri as follows :" and we are now to determine whether the provision is imperative or directory only. There is no doubt as to the regular passage of the act, its approval by the Governor, and its publication by the authority of the State.

In the early period of English history there was no fixed and certain style adopted in the passage of laws. It shifted and took different shapes in different reigns. But the most of the American States, when they entered upon a new order of things, adopted a style which they declared should be pursued.

The question is not one of construction, for the language of the Constitution is clear and explicit, but simply one of application. How is this particular provision to be applied, and what shall be the consequence of a disobedience of its directions?

If the provision is to be held as directory only, and not mandatory, the rule is that it may be disregarded without rendering the act void. The rule declared by Lord Mansfield in Rex vs. Loxdale (1 Burr, 447,) that, "there is a known distinction between circumstances which are of the essence of a thing required to be done by an act of parliament, and clauses merely directory" has been followed by a long train of cases, and is now universally recognized. And where the language used does not import that it is of substance, the clauses of a law directing its observance are regarded as directory simply, for that is directory which is not of the essence of the thing to be done.

In the case of the Pacific Railroad vs. the Governor, (23 Mo., 353,) which was an application for a mandamus to the Governor, requiring him to issue the bonds of the State to a railroad company under a law alleged by him to have been passed by the Legislature over his veto, without the observance of the forms prescribed by the Constitution, this Court held that, notwithstanding the constitutional forms were no-complied with, still the law was not void. In the opinion it is said : "The course required to be observed in the performance of an act is not always of its essence or vitality. When an act is directed to be done in a particular way, the direction may be merely directory—that is, it is not of the essence of the act, but the act may stand in law notwithstanding the direction was not strictly observed. This is a familiar principle. * * * * All we design to hold is that there are forms to be observed in the enactment of laws ; that the members of the Legislature are sworn to observe those forms, and yet, if they are violated, the Constitution never intended that their acts should be void."

The Constitution uses the same language that it has employed

in reference to the style of laws when it speaks of writs and process, and declares that they shall run in the name of the State, yet this clause has always been held to be directory. (Davis vs. Wood, 7 Mo., 165 ; Jump vs. Batton, 35 Mo., 196 ; Doan *et al.* vs. Boley *et al.*, 38 Mo., 450.)

The very question presented, arose in a case in Maryland The Constitution in that State is the same as ours in regard to the style of laws. A law was there passed omitting the required style, and it was decided that the Constitutional provision was directory only and not mandatory, and that the omission of the enacting clause did not render the act unconstitutional and void. (McPherson vs. Leonard, 29 Md., 377.) So in Mississippi, it is held that the provision is directory and that it is not essential that there should be a literal adherence to the formula of words prescribed by the Constitution, but that the acts need only show the authority by which they were adopted, and that it was the intention of the Legislature that they should have the effect of laws. (Swain vs. Buck, 40 Miss., 268.)

After a diligent search I have failed to find any case holding that a law was unconstitutional or void on account of an omitted or imperfect enacting clause.

The enacting clause is certainly not of the essence of the law. It furnishes no aid in its construction, and its provisions are as clear and intelligible without it as they are with it. It is not material in indicating by what authority the law was enacted, for being passed in due form by both Houses of the Legislature and properly approved by the governor, with no allegation of suspicion attached to it, it comes before the courts bearing sufficient evidence that it is really and truly a law.

To hold that a law supported by these sanctions was not valid because certain formal and immaterial words were omitted, would be sacrificing substance to mere form, which I think the court is not justified in doing.

Aside from these views, the act we are now considering does not pretend to be an original act. It is to reduce the

law incorporating the plaintiff and the several acts amendatory thereof into one. The revision of a law does not have the effect of making the revised law entirely original, so as to be construed as though none of its provisions had effect but from the date of the revised law.·

When a former provision is continued in a revised law, it operates only as a continuance of its existence, and not as an original act. (St. Louis vs. Alexander, 23 Mo., 309.) The Court, therefore, I think, erred in holding the act of incorporation set out in the petition invalid. The other questions raised in regard to the ordinances cannot be decided upon demurrer if they are objectionable; the objection must be raised by answer.

Let the judgment be reversed and the cause remanded. The other Judges concur.