## Genkinger v. Porter, City Controller, and Burns, Superintendent of Department of Accounts of New Castle.

*Municipal law—Third class cities—Salaries of councilmen under Act of April 10, 1925—Ordinances.*

1. Section 11 of article vi of the Act of June 27, 1913, P. L. 568, as amended by the Act of May 27, 1919, P. L. 310, as further amended by the Act of April 10, 1925, P. L. 224, does not fix the salary of city councilmen at $3000 in third class cities having a population exceeding 30,000 and not exceeding 50,000 inhabitants.

2. When the city council of such a city passed an ordinance in 1915 fixing the salary of city councilmen at $2000, the salary thus fixed remained until changed by a succeeding council.

3. Councilmen in third class cities cannot increase their own salaries by an ordinance which will affect councilmen then in office during the term that they are then serving.

Petition for mandamus to compel the City Controller and the Superintendent of the Department of Accounts of the City of New Castle to countersign a warrant for the salary of the relator, a city councilman, at the rate of $3000 per year. C. P. Lawrence Co., March T., 1926, No. 31, M. D.

*Aiken & Braham, Martin & Martin, Graham, Matthews & Kraus,* for relator.

*Wylie McCaslin,* for Burns; *William McElwee, Jr.,* for Porter.

HILDEBRAND, P. J., April 5, 1926.—This matter is before the court upon a writ of alternative mandamus on petition of Louis G. Genkinger, issued upon

A. L. Porter, City Controller, and W. T. Burns, Superintendent of the Department of Accounts and Finance, to compel them to countersign a warrant for $250, being for the salary of said Louis G. Genkinger for the month of January, 1926, as councilman for the City of New Castle.

New Castle is a city of the third class, having a population of 44,938, according to the last United States Census. Louis G. Genkinger, the relator, was elected as a member of the City Council in and for the City of New Castle in November, 1925, and assumed the duties of the office the first Monday of January, 1926. The relator avers that, under the provisions of the Act of April 10, 1925, P. L. 224, he is entitled to a salary of $3000 per annum. The warrant drawn for relator's salary for the month of January is drawn on the basis of the salary provided by the Act of 1925, The City Controller and the Superintendent of the Department of Accounts and Finance, while expressing a willingness to countersign a warrant on the basis of a salary of $2000 per annum, refuse to countersign the warrant as drawn. By ordinance passed by the Council of the City of New Castle Oct. 14, 1915, the salary of each member of council was fixed at $2000. On Jan. 21, 1926, while relator was a member of council, an ordinance was passed fixing the salary of each member of council at $3000 per year and, as stated in its preamble, "to make the same conform to the Act of April 10, 1925, P. L. 224, changing the salaries of councilmen and mayors." The Controller and Superintendent of the Department of Accounts and Finance took the position that the ordinance passed Jan. 21, 1926, was ineffective so far as the salaries of the present members of council are concerned, and that their salaries were governed by the last previous ordinance of council relating to salaries, which was that of Oct. 14, 1915, which fixed the salary of members of council at $2000 per annum. Upon argument of the case, the relator did not contend that the amount of his salary was governed by the ordinance passed by the council of which he was a member, but that his salary was fixed at $3000 per annum by the Act of Assembly of April 10, 1925, P. L. 224, which provides that in cities of the third class having a population above 30,000 and not exceeding 50,000, each councilman shall receive a salary of $3000 per annum.

Section 11 of article VI of the Act of Assembly approved June 27, 1913, P. L. 568, relating to salaries of members of council of cities of the third class, provides as follows: "The councilmen in cities of the third class shall receive for their services during their term of service annual salaries, to be fixed by ordinance, payable in monthly instalments. Council may, by ordinance fixing said salaries, provide for the assessment and retention therefrom of reasonable fines for absence from regular or special meeting of council or councilmanic committees. Council shall, by ordinance, fix the respective salaries to be paid to councilmen for their services. The salary paid to any councilman shall not be less than two hundred fifty dollars per year nor more than three thousand dollars per year: Provided, however, that for the first term of councilmen elected *under the provisions of this act* and until thereafter changed by ordinance, the salary of each councilman shall be as follows: In cities of the third class of 15,000 inhabitants or under, by the last United States Census, each councilman shall receive a salary of three hundred dollars per annum; where said population is between 15,000 and 30,000, seven hundred fifty dollars per annum; in cities having a population above 30,000, and not to exceed 50,000, two thousand dollars per annum; in cities having a population of over 50,000, and not exceeding 70,000, twenty-five hundred dollars per annum; in cities having a population of over 70,000, three thousand dollars per annum.

"The *first* council elected under the provisions of this act shall, by ordinance, determine the amount of salaries to be paid in said cities. The compensation to be received by councilmen shall not be increased or diminished during the term for which they shall have been elected; but succeeding councils may change all compensation, said change to take effect after the expiration of the term of office of the council making such change."

The above section was amended by the Act of May 27, 1919, P. L. 310, the latter act striking from the former the words as italicized above. The only difference by the amending act was the insertion of the words "have power" in the sentence, "The council elected under the provisions of this act shall, by ordinance, determine the amount of salaries to be paid in said cities," so that, in the Act of 1919, the sentence reads as follows: "The council elected under the provisions of this act shall have power, by ordinance, to determine the amount of salaries to be paid in said cities." The Act of 1913 made it mandatory upon the first council to fix the amount of salaries. This was of necessity. Under the Act of 1919, and the subsequent Act of 1925, the addition of the words "have power," makes it discretionary with council to make changes in salaries after the mandate of the Act of 1913 has been obeyed.

By the Act of April 10, 1925, section 11 of the Act of 1913 was further amended by increasing the maximum salary to be paid to councilmen in cities of the third class from $3000 to $4500 per year, and providing that in cities of this class of 15,000 inhabitants or less, each councilman shall receive a salary not exceeding $450 per annum. Where said population is between 15,000 and 30,000, not exceeding $1125 per annum; in cities having a population above 30,000, and not exceeding 50,000, $3000 per annum; in cities having a population of over 50,000, and not exceeding 70,000, not exceeding $3750 per annum; in cities having a population of over 70,000, not exceeding $4500 per annum. For the first, second, fourth and fifth divisions of cities of the third class, a maximum salary is provided, while for the third divisions, to which the City of New Castle belongs, a specific amount is fixed.

All three acts contain this provision: "The councilmen in cities of the third class shall receive for their services during their term of service annual salaries, to be fixed by ordinance, payable in monthly instalments." All likewise provide as follows: "The compensation to be received by councilmen shall not be increased nor diminished during the term for which they shall be elected."

The relator cannot and does not claim the increased salary by virtue of the Ordinance of Jan. 21, 1926. His claim must, therefore, be based entirely on the act approved April 10, 1925. This latter act, while declaring that the salaries of councilmen shall be fixed by ordinance, has the further provision: "The councilmen elected under the provisions of this act shall have power, by ordinance, to determine the amount of salaries to be paid in said cities." These provisions, in practically the same terms, also appeared in the Act of 1913, and the power given council by the earlier act still remains in council. By ordinance approved Oct. 14, 1915, council fixed the salaries of members of council at $2000. We are of the opinion that that ordinance remains in force and controls in determining the salary of the present councilmen. Many of the expressions used in the legislation relating to the matter in question are wholly unintelligible, and it is exceedingly difficult to determine the intention of the legislature in endeavoring to interpret them.

In Harvey v. City of Hazelton, 81 Pa. Superior Ct. 1, in a case somewhat similar to the present one, and a case arising under the Acts of 1913 and 1919, it was held that the words "until thereafter changed by ordinance" referred to the original Act of 1913 and are operative from the date of their

original adoption and not from their subsequent re-enactment. The legislation with respect to the mayor's salary and the salaries of councilmen is very similar, as appears by a comparison of the sections of the three acts relating to these matters. The question in that case arose under the Acts of 1913 and 1919, and it was held that the ordinance enacted pursuant to the provisions of the former act was not required to be re-enacted by the Act of 1919 and continued in force until changed by ordinance. The reasoning in that case applies to the present case. The Act of 1913 gave to council of each third class city the duty and privilege of fixing the salary to be paid the councilmen of such city, and until so fixed by council, established a schedule of salaries for councilmen in such cities according to their population. The City of New Castle, having by ordinance approved Oct. 14, 1915, fixed the salary of councilmen at $2000 per year, it remained as thus fixed until changed by a succeeding council. It has been since changed by council, but at a time too late to affect the salary of the relator in this action. The action of Jan. 21, 1926, will only be of benefit to succeeding councilmen.

Now, April 5, 1926, the prayer of the relator's petition is refused and the writ of alternative mandamus is dismissed, the costs to be paid by the relator.

From William McElwee, Jr., New Castle, Pa.