## Easton Councilmen's Salaries.

*Municipalities — Councils—Salaries—Cities of the third class—Acts of June 27, 1913, May 27, 1919, and April 10, 1925.*

1. The salaries of the members of council of a city of the third class must, under the Act of June 27, 1913, P. L. 568, and its amendments, be fixed by ordinance.

2. Where such salaries have been fixed in 1923 by ordinance, under the Acts of June 27, 1913, P. L. 568, and May 27, 1919, P. L. 310, the ordinance remains in force, notwithstanding these acts were further amended by the Act of April 10, 1925, P. L. 224.

*Declaratory judgment—Parties—Costs.*

3. In a proceeding for a declaratory judgment, it is essential that all parties join in the proceeding.

4. If such a proceeding is one in which a city is interested and the case is a proper one for the construction of acts of assembly, the costs will be imposed upon the city, although the petition is dismissed.

Petition for declaratory judgment. C. P. Northampton Co.

*Newton R. Turner,* for petitioners.

STEWART, P. J.—This is a petition by two members of Council of the City of Easton for a declaratory judgment. They were elected in November last, and took office on the first Monday of January, 1926. They aver that, under the provisions of the Act of April 10, 1925, P. L. 224, they are entitled to a salary of $3000 per annum; that the City Controller refuses to pay their salaries as fixed by that act, for the reason that the City of Easton has failed to enact any ordinance to carry out the provisions of the said Act of 1925. The City Controller further contends that petitioners should be paid according to the provisions of an Ordinance of the City of Easton, adopted Dec. 11, 1923, fixing the salaries of members of Council. The City Controller, the City Treasurer, the City Clerk and the Superintendent of the Department of Finance and Accounts have joined in the petition, but the City of Easton is not a party. It should have joined. See Act of June 18, 1923, § 11, P. L. 840. As our decision is against petitioners, we will not insist on that amendment being made, although in the late case of Kariher's Petition (No. 1), 284 Pa. 455, where the Uniform Declaratory Judgments Act was held to be constitutional, the fourteenth and fifteenth syllabi are: "In declaratory judgment practice, it is a matter of judicial discretion whether or not jurisdiction will be taken of any particular case, that a proceeding to obtain such a judgment will not be entertained where the court lacks jurisdiction of the subject-matter involved, or where another statutory remedy has been specially provided for the case in hand, and that jurisdiction will never be assumed unless the tribunal appealed

to is satisfied that an actual controversy, or the ripening seeds of one, exists between the parties, all of whom are *sui juris* and before the court, and that the declaration sought will be a practical help in ending the controversy. Furthermore, the court will not decide future rights in anticipation of an event which may not happen, but it will wait until the event actually takes place, unless immediate decision is necessary, . . . and, even then, such rights will not be determined unless all parties concerned are present and ready to proceed in the case, so that the judgment rendered will make the issues involved *res judicata* in the full sense of that term." The Act of April 10, 1925, P. L. 224, is an amendment of section 11, article VI, of the Act of June 27, 1913, P. L. 568, as amended by the Act of May 27, 1919, P. L. 310. The three acts, of course, must be read together, and it will be noted that, by the provisions of each of the acts, the payment of councilmen's salaries depends on the adoption of ordinances. The following words are identical in all the acts: "The councilmen in cities of the third class shall receive for their services during their term of service annual salaries, to be fixed by ordinance, payable in monthly instalments." It is true that the Act of 1913 contains the following words: "Council shall, by ordinance, fix the respective salaries to be paid to councilmen for their services," which are not found in the Acts of 1919 and 1925, and the Act of 1913 contains these words: "The first council elected under the provisions of this act shall, by ordinance, determine the amount of salaries to be paid in said cities," using the word "shall," while the Acts of 1919 and 1925 use the following words: "The council elected under the provisions of this act shall *have power*, by ordinance, to determine the amount of salaries to be paid in said cities," and there was a proper reason for the change because the Act of 1913 was intended to apply to the first council, and it was mandatory to fix the amount, while for subsequent years it was only discretionary with council to make changes, and they were, therefore, only given the power to change. Before councilmen can obtain anything for their services, there must be an ordinance fixing the amount. That is the usual rule, and it was decided in the next case that without an ordinance they would not be entitled to anything. In Nowling *v.* Newell, 65 Pa. Superior Ct. 67, it was held: "Where a person is appointed inspector of weights and measures by the mayor of a city of the third class, but at the time of the appointment no compensation has been fixed for the office, and the city councils some months thereafter by ordinance fix a salary, the incumbent is not entitled to any compensation from the date of his appointment to the date of the ordinance, although he may have entered upon the office and performed all its duties during such period." Hence, an ordinance fixing salaries is a prerequisite to councilmen's payment. The petitioners, however, contend that the words in the Act of 1925, as follows: "The salary paid to any councilman shall not be less than two hundred and fifty dollars per year, nor more than *four* thousand *five hundred* dollars per year: Provided, however, that for the term of city councilmen, and until thereafter changed by ordinance, the salary of each councilman shall be as follows: . . . in cities having a population above thirty thousand and not exceeding fifty thousand, *three* thousand dollars per annum;" particularly the words "and until thereafter changed by ordinance," make the payment mandatory, and that the act repeals the ordinance; and they also point to the fact that, with respect to every other class of cities, except the one in suit, the legislature used the words "not exceeding." No one can more than guess at the cause of that omission. It, no doubt, was due to carelessness. The act uses the expression "not exceeding" four times with respect to the maximum salary, and puts the salaries of councilmen in Easton's class at the flat rate of

$3000, but the omission of the words "not exceeding" is unimportant. The Superior Court in Harvey *v.* City of Hazleton, 81 Pa. Superior Ct. 1 (a case in which an *allocatur* to the Supreme Court was asked for and refused), ruled that the words "until thereafter changed by ordinance" referred to the original Act of 1913, and do not mean to start with the Act of 1925. The legislation with respect to the mayor's salary and the salaries of councilmen is very similar, as a comparison of the Act of 1913, section 15, article VII, and the Act of 1919, section 27, and the Act of 1925, section 2, will show. In Harvey *v.* City of Hazleton, *supra,* the syllabus is: "Article VII, section 15, of the Clark Act of June 27, 1913, P. L. 568, relating to cities of the third class, gave to the council of each such city the duty and privilege of fixing, within certain limitations, the salary to be paid the mayor, and established a schedule of salaries applicable until different salaries should be ordered by the cities concerned. Section 27 of the Act of May 27, 1919, P. L. 310, made no change in the law of 1913 except to strike out certain superfluous and perhaps misleading clauses therein; in all other respects re-enacted the provisions of the Act of 1913. The provisions of the Act of 1913, thus re-enacted by the Act of 1919, operate only as a continuance of the Act of 1913, and date from their original adoption, not from the subsequent re-enactment, and are not new law. The City of Hazleton having fixed the salary to be paid the mayor by Ordinance of Dec. 5, 1913, was not required by the Act of 1919 to pass the ordinance a second time. The ordinance remains in force and, until changed, governs the salary to be paid." It is true that the Act of 1919 made no change in the amount of the salary to be paid the mayor, but the principle that the Act of 1913 and ordinances enacted under its authority, control until changed by ordinances, applies to the acts and the ordinance in the present case. Judge Keller summed it up as follows: "Giving the subject full consideration, we are of opinion that the Act of 1913 gave to the council of each third class city the duty and privilege of fixing, within certain limitations, the salary to be paid the mayor of such city, and, until so ordained by council, established a schedule for salaries of mayors in such cities according to their population; that the City of Hazleton having, by ordinance of Council, approved Dec. 5, 1913, fixed the salary of the mayor at $1200 per annum, it remained as thus fixed until changed by a succeeding council, or by the legislature; that section 27 of the Act of 1919 made no change in the law of 1913, except to strike out the references to the salary 'for the first term of any mayor' and to the duty of the first council to fix the salary of the mayor 'for succeeding terms,' as superfluous and perhaps misleading, but in all other respects re-enacted the provisions of the Act of 1913; that the provisions thus re-enacted, including the clause 'until changed by ordinance,' etc., operate only as a continuance of the Act of 1913 and date from their original adoption, and not from their subsequent re-enactment, and are not new law; that the Ordinance of Dec. 5, 1913, was a valid exercise of the powers granted by the Act of 1913 and was not affected by its *pro forma* re-enactment in 1919; that said ordinance still remains in force, did not have to be passed again after the Act of 1919, and, until changed, governs the salary to be paid the Mayor of Hazleton." It is unnecessary to add to what he said. The salary of councilmen in the City of Easton must be fixed by ordinance. Council did fix it on Dec. 11, 1923. When the Act of 1925 was adopted, if a change was desired, it should have been fixed prior to Jan. 1st of this year. It would do the petitioners no good if Council should pass an ordinance at the present time, for each of the above acts provides: "The compensation to be received by councilmen shall not be increased or diminished during the term for which they shall be elected."

Being governed by the prior ordinance, any action now taken would only be for the benefit of succeeding councilmen. By section 10 of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, it is provided: "In any proceeding under this act, the court may make such award of costs as may seem equitable and just." This proceeding is not a mere attempt to obtain compensation according to a fanciful standard. The contention is based upon an act of assembly, the phraseology of which is criticised most severely by Judge Keller in Harvey v. City of Hazleton, 81 Pa. Superior Ct. 1, and we say frankly that, were it not for that opinion, we might have hesitated in reaching the conclusion that we have. The City of Easton and the Controller are equally interested with the petitioners. The matter is a public one, and we, therefore, think that the city should pay the costs.

And now, Feb. 1, 1926, the above cause came on to be heard by the court, and was argued by counsel, and, upon consideration thereof, it is ordered and decreed that the petitioners, Edward A. A. Schilling and Kenneth F. Kressler, are not entitled to a salary of $3000 a year from the City of Easton, but their salary during their term of office is fixed by the Ordinance of the City of Easton adopted Dec. 11, 1923, entitled "An ordinance fixing the salaries of certain officers in accordance with the acts of assembly." The costs of these proceedings shall be paid by the City of Easton. (See section 10 of the Act of June 18, 1923, P. L. 840.)            From Henry D. Maxwell, Easton, Pa.