## McGroarty v. City of Wilkes-Barre et al.

*E. F. McGovern,* for petitioner.
*Edwin B. Morgan,* contra.

VALENTINE, J., March 23, 1936.—Plaintiff procured a writ of alternative mandamus commanding the Super-

intendent of the Department of Health, the City Con-troller, and City Treasurer of the City of Wilkes-Barre, respectively, to present, approve, and pay a voucher in his favor for $78.75, representing the salary alleged to be due him from January 1 to January 15, 1936. Defend-ants filed a return to said writ and after issue had been joined by the filing of a replication the case was referred to the court without a jury under the provisions of the Act of April 22, 1874, P. L. 109.

The parties have agreed upon the following

## Facts

1. Plaintiff, Charles McGroarty, was appointed a gar-bage inspector in the health department of the City of Wilkes-Barre, by the council thereof, on June 4, 1929, filling the vacancy caused by the death of Harry C. Wil-liams, who served in that capacity at the time of his de-cease, plaintiff not having taken a civil service examina-tion on or previous to June 4, 1929.

2. Plaintiff has continuously and without any lapse served in the capacity of inspector of the health depart-ment of the City of Wilkes-Barre from June 4, 1929, to January 6, 1936.

3. On January 6, 1936, the council of the City of Wilkes-Barre elected another appointee or employe to serve as inspector of the health department, in the place and stead of plaintiff, although no charges had been pre-ferred against him nor had a hearing been given him.

4. Plaintiff, on January 7, 1936, and since to the pres-ent time has reported each day in the customary manner to the proper officials to perform the duties of inspector of the health department, but each day he has been in-formed by the said officials that there were no duties for him to perform.

5. On January 20, 1936, plaintiff was tendered the sum of $31.50 by the City of Wilkes-Barre, said sum rep-resenting wages for the period of January 1, 1936, to January 6, 1936, inclusive.

6. Plaintiff refused the said sum of $31.50 and demanded the sum of $78.75, as wages for the period of January 1, 1936, to January 15, 1936, which sum was refused him.

7. Plaintiff insists, and has always insisted, that the city council is without authority or right to replace him with another appointee or employe in said position of inspector of health, without preferring charges against him and granting him a hearing, as required by the civil service laws now applicable to third class cities.

It is further agreed by counsel that the sole question arising in this case is whether or not under the above facts the council may summarily remove the plaintiff by electing another in his place or stead as inspector in the department of health.

## Discussion

It is conceded that plaintiff was appointed as sanitary inspector of the Department of Health of the City of Wilkes-Barre on June 4, 1929, and that he continuously served in said position until January 6, 1936, when he was summarily removed and another appointed in his stead. It is further conceded that he was appointed without having been subjected to a civil service examination. It is his contention that he can only be removed for cause after due hearing. In making this contention he points to the provision of section 4407 of The Third Class City Law of June 23, 1931, P. L. 932, which provides:

"All persons holding appointments in said several departments or as building inspectors of said cities, at the time this act goes into effect, shall retain their positions without being required to pass examination, and be removed only in accordance with the provisions of this article."

The Act of May 3, 1917, P. L. 138, provided for the creation of civil service boards to examine persons appointed to the fire departments in cities of the third class. Section 5 of this act stipulated:

"That all persons who have had a total service of two years, and who hold appointment in said department of said cities at the time this act goes into effect, shall remain in office without being required to pass examination, and be removed only in accordance with the provisions of this act: Provided further, That, in cases of emergency, temporary appointments in the said department may be made without complying with the provisions of this act."

The amending Act of April 7, 1927, P. L. 150, extended the provisions of the Act of 1917 to health officers and inspectors of the health department. Section 1 of the later act provided:

"That, from and after the passage of this act, no person or persons may be appointed to any salaried position whatever in the fire department, (except volunteer departments,) or health officers other than registered physicians, or as sanitary policemen or inspectors of the health department, in any city of the third class in this Commonwealth, without first having passed all the examinations hereinafter provided for, and having been appointed in the manner and according to the terms, provisions, and conditions of this act."

Section 5 of the Act of 1917, as amended by the Act of 1927, reads as follows:

"The provisions of this act shall apply to all regular salaried employes of said fire department and to health officers, other than registered physicians, and to sanitary policemen and inspectors of the health department. . . . And provided further, That all persons who have had a total service of two years, and who hold appointment in said department of said cities at the time this act goes into effect, shall remain in office without being required to pass examination, and be removed only in accordance with the provisions of this act: Provided further, That, in cases of emergency, temporary appointments in the said department may be made without complying with the provisions of this act."

The Third Class City Law, sec. 4401, provides:

"No person or persons may be appointed to any position whatever in the police department, or in the engineering or electrical department, or in the position of building inspector, or to any salaried position whatever in the fire department (except volunteer departments), or health officers other than registered physicians, or as sanitary policemen or inspectors of the health department, without having first passed all the examinations hereinafter provided for, and having been appointed in the manner and according to the terms and provisions and conditions of this article."

Section 4407 provides:

"All persons holding appointments in said several departments or as building inspectors of said cities, at the time this act goes into effect, shall retain their positions without being required to pass examination, and be removed only in accordance with the provisions of this article.

"In case of riot or emergency, temporary appointments to positions in the civil service may be made without complying with the provisions of this article."

The Act of April 7, 1927, supra, was in full force and effect when plaintiff was appointed. The provision of The Third Class City Law upon which plaintiff relies is a reënactment of the provision of the earlier act in force at the time of his appointment.

"When a statute continues a former statute law, that law common to both acts dates from its first adoption, and only such provisions of the old act as are left out of the new one are gone, and only new provisions are new laws. Where an act is amended 'so as to read as follows' the part of the original act which remains unchanged is considered as having continued in force as the law from the time of its original enactment and the new portion as having become the law only at the time of the amendment": 25 R. C. L. 907, sec. 159; Harvey v. City of Hazleton, 81 Pa. Superior Ct. 1.

The provision contained in the later act, The Third Class City Law of 1931, operates only as a continuance of its existence and not as the original act. The requirement that health inspectors pass an examination under the Civil Service Law was not born of The Third Class Law of 1931, but was in effect from the time the Act of 1917 was amended by that of 1927. The provision upon which plaintiff relies was contained in the earlier act.

We conclude that the case is ruled by Harvey v. City of Hazleton, supra. Plaintiff did not hold office prior to the time when the Civil Service Law relative to employes in the health department became effective, but was appointed in violation of its provisions and is not entitled to the protection of the statute.

### Conclusion of law

Judgment should be entered in favor of the defendants.

### Order

Now, March 23, 1936, the prothonotary is directed to notify the parties that if exceptions are not filed within 30 days judgment will be entered in favor of the defendants.                    From Frank P. Slattery, Wilkes-Barre.